Smith v. Roseboom.

Filed October 15, 1895.

---

No. 1,627.

SMITH v. ROSEBOOM.

PLEADING.—*Complaint.*—*Damages for Deceit.*—In an action based on deceit in the exchange of property, the complaint is insufficient which does not disclose that the property bargained for was never conveyed to plaintiff. For facts of complaint, see opinion.

FRAUD.—Fraud is never presumed, but must be alleged and proved before it can be adjudged to exist.

HARMLESS ERROR.—*Overruling Demurrer to Bad Paragraph of Complaint.*—Unless it clearly appears from the record that the judgment is founded on a good paragraph of complaint, the error of overruling a demurrer to a bad paragraph cannot be regarded as harmless.

From the Clinton Circuit Court.

*T. H. Palmer, W. F. Palmer* and *J. C. Rogers*, for appellant.

*W. R. Moore,* for appellee.

REINHARD, C. J.—The second paragraph of the appellee's complaint, to which a demurrer was overruled, is

as follows, with the caption .omitted : "For second and additional paragraph of amended complaint, plaintiff says that heretofore one Nathan E. Mills was the agent of plaintiff and one Simon Folk to exchange a certain stock of goods and clothing then belonging to plaintiff and said Folk, which were situated in Tipton, Indiana, for real estate and property and money ; that said Mills did exchange said stock of goods for certain lands in Illinois and certain outlots in the city of Indianapolis, Indiana, to the defendant, John A. Smith; that at the time of making the exchange, and for the purpose of inducing said Mills to make the exchange and trade, defendant, John A. Smith, caused certain lots to be shown to said Mills, which lots were in the city of Indianapolis, Indiana, and represented that they were the property of said defendant; that after examining and looking at the said lots said Mills agreed to exchange said stock of goods to said Smith, and take in, as part payment thereon, the lots so shown as above set out at the price of three thousand dollars ($3,000.00) ; that said lots shown Mills were of the value of three thousand dollars ($3,000.00), and are described as follows, to-wit :" [Here follows the description] ; "that the stock of goods was transferred to defendant, who received the same and made his deed to said Folk for the Illinois land, and also made a deed to the following described real estate, to-wit :" [Here follows a description of the lots contained in the deed] ; "that said deed was executed to plaintiff, who caused the conveyance to be made to himself and his wife, Nancy J. Roseboom ; that said Mills and plaintiff, being wholly ignorant of the location of the said land by description, relied entirely upon the statement of the defendant and representation which was made by defendant that the lots described in the deed were the lots pointed out and shown Mills before the said exchange,

whereas in truth and in fact the land described in the deed does not describe the lots shown Mills, which defendant well knew; that the land so pointed out, and that which plaintiff and said Mills contracted for, is north of the land described in the deed about eight hundred (800) feet, and is of great value, to-wit, three thousand dollars ($3,000.00), while the lots described in the deed are of little value, worth not more than two hundred dollars ($200.00). Wherefore plaintiff says he has been damaged in the sum of three thousand dollars ($3,000.00), for which amount he prays judgment and all other proper relief."

The rule that a pleading is construed most strongly against the pleader is not altogether abrogated, even under the code. A pleading is required to be certain to a common intent. It is true that indefiniteness is generally not a cause for demurrer unless the uncertainty is so great that by fair inferences the meaning contended for cannot be given it. The rule of intendment is not so liberal when the pleading is demurred to as when objection to it is first raised after verdict. In the latter case the verdict supplies every inference which can be legitimately deduced from all the averments of a complaint, and generally if there be enough substance to bar another action and apprising the defendant of the nature of the demand, the complaint will be held sufficient.

The action in the present case is for deceit in the exchange of property. The theory is that the appellee and another owned a stock of goods which they desired to exchange for other property, and for which purpose Mills was their agent; that the defendant showed certain real estate to Mills with a view of inducing him to take it in exchange for the goods; that he made a pretended conveyance of said property to the plaintiff, but

Smith *v.* Roseboom.

that it was not the property shown said agent, although the appellant represented that it was, and that appellee, being ignorant of such fact, relied upon the representations made to said Mills that it was the same property.

Before the appellee can recover he must show that he was damaged in some way. He must show that the land contracted for was not conveyed to him as it was agreed that it should be. In the complaint before us there is no averment whatever that the land or lots which appellee says he bargained for, were never conveyed to him, and for aught that is shown such conveyance may have been made, although not in the same deed with that for the other lots. It is averred that the appellant represented that certain lots pointed out belonged to him. The truth of this representation is not denied and we must assume that it was true. If the lots were his property he was in a condition to convey them, and in the absence of an allegation to the contrary it must be presumed that he did convey them. Fraud is never presumed, but must be alleged and proved before it can be adjudged to exist.

Moreover, the allegation that Mills agreed to exchange the stock of goods for the lots shown him in no way connects Smith with the transaction. It is not averred that Smith agreed to the exchange, or with whom the appellee agreed. No inference can be drawn from the complaint, that the agreement was made with the appellee, for it is nowhere so averred.

It is nowhere charged that appellant or his agent made any misrepresentation to the appellee or to Mills. That the appellant represented that the lots described in the deed were the same as those shown the appellee, was not a sufficient showing of fraud, unless the representation was made to appellee or Mills, his agent; and if the appellee relied upon a representation not made by the

appellant, or upon his authority, he did so at his own peril. That appellee was induced to accept the deed by any statement or representation of appellant, is nowhere averred.

The appellee's counsel emphasize the averment that appellee caused the lots to be shown to Mills "for the purpose of inducing said Mills to make the trade and exchange." But this may have been true without the least sinister motive on the part of the appellant, for it is not averred in this connection that appellant represented to Mills that these were the lots he intended to convey to him, but that he owned them. The representation that appellant owned the lots is in no manner connected with the fact that appellant conveyed other lots than those for which appellee contracted. Hence the objection that there is no averment that appellant made any material untruthful statement or representation which was intended to induce appellee to make the exchange is not answered by saying he represented the lots to be his.

For these reasons we think the court erred in overruling the demurrer to the second paragraph of the complaint. It does not appear upon which paragraph of the complaint the verdict is predicated. Assuming, without deciding, that the first paragraph of the complaint is sufficient when assailed for the first time by an assignment of error, we cannot say that the overruling of the demurrer to the second paragraph was a harmless error. Unless it clearly appears from the record that the judgment is founded on a good paragraph of complaint, the error of overruling a demurrer to a bad paragraph cannot be regarded as harmless. Elliott App. Proced., section 637.

A number of other questions are presented, but as

they will not necessarily arise again on a future trial, they need not now be determined.

Judgment reversed, with instructions to sustain the demurrer to the second paragraph of the complaint.

Filed October 15, 1895.