## Grand Trunk Western Railroad Company v. Porter.

[No. 7,341. Filed March 27, 1912.]

1. RAILROADS.—*Action.*—*Breach of Contract.*—*Contract to erect Fences and Gates.*—*Pleading.*—*Complaint.*—Where the complaint in an action against a railroad company for damages for breach of contract to fence its right of way and put in a farm crossing and gates on the land described therein, alleges that one Miller and wife deeded said right of way over said land to the Penin-

sular Railway Company, that the defendant is the successor of said Peninsular Railway Company and at the time of the injury complained of was the owner and in possession of said right of way, that at the time of the injury the plaintiff was pasturing his horses in a field adjoining said right of way, and that by reason of defendant's failure to maintain a gate at said crossing, plaintiff's horses entered upon the tracks through said gate and were struck by one of defendant's trains, such complaint is insufficient for failure to show any privity of contract between the parties. p. 695.

2. PLEADING.—*Form and Allegations in General.—Certainty.—Exception to Rule.*—Pleadings to be good must be definite and certain and not depend upon inference to supply essential and material facts, but the rule is qualified in cases holding that well pleaded facts carry with them such other facts as are necessarily inferred therefrom where only one such inference can be drawn from the facts so pleaded. p. 695.

3. PLEADING.—*Form and Allegation in General.—Doubts.—Presumption.*—Doubts in pleadings must be resolved against the pleader for he is presumed to have stated his case as strongly as the facts will warrant. p. 696.

4. JUDGMENT.—*Conformity to Pleadings.—Complaint.—Good and Bad Paragraphs.*—It is an established rule in this state that a judgment rendered on a complaint containing a bad paragraph, which has been held good on demurrer, cannot stand unless the record affirmatively shows that the judgment rests exclusively on another paragraph which is good. p. 696.

From Porter Circuit Court; *W. C. McMahan,* Judge.

Action by Burton B. Porter against the Grand Trunk Western Railroad Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*D. J. Crumpacker, Anderson, Parker & Crabill,* for appellant.

*H. W. Worden, Sutherland & Smith,* for appellee.

FELT, C. J.—Action by appellee against appellant, to recover damages for the killing of three of appellee's horses, and for the injury of another by one of appellant's trains. The cause was venued from the Laporte Circuit Court to the Porter Circuit Court, where a trial by jury resulted in a verdict for appellee in the sum of $340, and judgment thereon.

Appellant's assignment of errors challenges the sufficiency of the first and third paragraphs of appellee's amended complaint, both as against demurrer and when tested for the first time on appeal; also overruling the motion for a new trial.

The first paragraph of complaint alleges appellant's ownership and operation of the railroad over and across a certain described quarter section of land in Laporte county, Indiana; that on November 5, 1872, Henry W. Miller and Polly Miller, his wife, deeded to the Peninsular Railway Company a right of way over said land (copy of the deed filed as exhibit); that in compliance with the provisions of said deed the Peninsular Railway Company fenced along its right of way and put in a farm crossing, and gates thereto over said right of way where it crosses said land; that appellant is the successor of said Peninsular Railway Company, and at the time of the injury complained of was the owner and in possession of said right of way and all the rights and privileges of said company acquired under and by virtue of said deed, and was likewise charged with its predecessor's obligations thereunder; that appellant and its predecessor maintained said fences, farm crossing and gates up to a short time prior to May 31, 1904, when they permitted said crossing and the south gate thereto to become out of repair; that on said date appellee was pasturing his horses in the field south of and adjoining appellant's right of way at said crossing, and by reason of appellant wrongfully suffering and permitting said gate to become and remain out of repair, and by reason of the failure and refusal of appellant properly and safely to maintain said gate at said crossing, four of appellee's horses entered on appellant's tracks, through said gate, and were struck by one of appellant's trains; that three of said horses were thereby killed, and one was greatly injured, all to appellee's damage in the sum of $500; that said horses were so injured and killed in Laporte county, Indiana.

The sufficiency of the first paragraph of complaint is challenged, because it is alleged that it proceeds on the theory of damages for the breach. of the covenants of the deed by which appellant holds its right of way, and fails to show any privity of contract between appellant and appellee.

1.

It is conceded by appellee that this paragraph is for damages for the breach of the contract to erect fences and gates. We agree with this construction, and, applying the usual and familiar rules applicable to pleadings, are compelled to hold the paragraph insufficient for failure to show any privity of contract between the parties. The relationship, if any, between the grantors of the deed and appellee is not shown. There is no averment that appellee occupied the land as a tenant of the owner, or that he had in any way acquired and held the title. The averment relied on simply shows that at the time of the injury complained of "plaintiff was pasturing his horses in the field south of and adjoining said right of way." This is insufficient to show by what right or authority he was so doing, and therefore fails to show him entitled to claim the benefits of any alleged breach of the contract.

Appellee says we should infer that he was so pasturing his horses by right, and not as a trespasser.

Pleadings to be good must be definite and certain, and not depend on inference to supply essential and material facts. This rule is of general application, though what is sometimes called an exception thereto, or, a qualification of the rule, is made in cases holding that well-pleaded facts carry with them into the pleading such other facts as are necessarily inferred therefrom, where only one such inference can be drawn from the facts so pleaded. *Vandalia Coal Co.* v. *Price* (1912), 178 Ind. ——; *Indianapolis St. R. Co.* v. *Ray* (1906), 167 Ind. 236, 241; *McEwen* v. *Hoffman* (1908), 42 Ind. 202, 204; *Holcomb* v. *Norman*

2.

(1911), 47 Ind. App. 87; *Cleveland, etc., R. Co.* v. *Stevens* (1912), *ante*, 647; *Wabash R. Co.* v. *Reynolds* (1908), 41 Ind. App. 678, 683.

If we attempt to sustain this paragraph of the complaint by inference, we at once enter the field of speculation as to whether appellee pastured his horses in the field by right of ownership of the land, as a tenant, by hiring the pasture, as a licensee, or as a trespasser.

Doubts must be resolved against the pleader, for he is presumed to have stated his case as strongly as the facts will warrant. *Shenk* v. *Stahl* (1905), 35 Ind. App. 493, 498; *Lake Erie, etc., R. Co.* v. *Power* (1896), 15 Ind. App. 179; *Toledo, etc., R. Co.* v. *Burgan* (1894), 9 Ind. App. 604; *Chicago, etc., R. Co.* v. *Barnes* (1888), 116 Ind. 126.

The third paragraph of complaint is good as a charge of negligently injuring appellee's property after it was known to be on appellant's track. *Campbell* v. *Indianapolis, etc., Traction Co.* (1906), 39 Ind. App. 66; *Toledo, etc., R. Co.* v. *Burgan, supra.*

The jury by its verdict expressly found for appellee on both the first and third paragraphs of complaint, and for appellant on the second paragraph. We cannot, therefore, say that the judgment rests exclusively on the third paragraph, for the contrary is expressly shown by the record.

It is an established rule in this State, that a judgment rendered on a complaint containing a bad paragraph, which has been held good on demurrer, cannot stand unless the record affirmatively shows that the judgment rests exclusively on another paragraph which is good. *Lake Shore, etc., R. Co.* v. *Barnes* (1906), 166 Ind. 7, 14, 3 L. R. A. (N. S.) 778; *Lake Erie, etc., R. Co.* v. *McFall* (1905), 165 Ind. 574, 582; *Smith* v. *Roseboom* (1895), 13 Ind. App. 284, 288.

The judgment is therefore reversed, with instructions to

the lower court to sustain the demurrer to the first paragraph of the amended complaint, to permit the parties to amend their pleadings if they desire so to do, to sustain the motion for a new trial, and for further proceedings in accordance with this opinion.