<hr />

## CITY OF EVANSVILLE ET AL. v. PIFER.

### [No. 7,787.  Filed December 18, 1912.]

1. MUNICIPAL CORPORATIONS.—*Personal Injuries.—Defective Sidewalks.—Complaint.*—In a complaint against a city and a sewer contractor for injuries sustained in falling over a board left upon the sidewalk, the allegation that the board described was negligently placed and permitted to remain on the sidewalk amounts to a charge that it was left there under circumstances and conditions rendering the sidewalk unsafe and dangerous, and the complaint was sufficient without averring a failure to place lights or guards to indicate the location of the board.   p. 649.

2. MUNICIPAL CORPORATIONS.—*Personal Injuries.—Defective Sidewalks. — Complaint. — Allegation of Negligence.* — A complaint against a city and a sewer contractor, for injuries sustained in falling over a board left upon the sidewalk, averring that defendants negligently permitted such board to be placed and to remain upon the sidewalk, sufficiently charges negligence, in the absence of a motion to make the complaint more specific.   p. 650.

3. MUNICIPAL CORPORATIONS. — *Personal Injuries. — Complaint. — Allegation of Negligence.—Proof.*—Under the allegations of a complaint, against a city and a sewer contractor for personal injuries in falling over a board left upon the sidewalk, that defendants negligently permitted such board to be placed and to

remain upon the sidewalk, proof is admissible to show that the condition created was such as would indicate to a person of ordinary prudence that it would likely cause injury to someone and that such condition was concealed by darkness. p. 650.

4. APPEAL.—*Review.—Briefs.—Questions Not Presented.*—Where neither the motion for a new trial, nor its substance, is set out in appellants' brief, questions properly arising on such motion, and argued by appellants, but not shown by the brief to have been assigned as cause for a new trial, cannot be considered. p. 650.

5. APPEAL.—*Briefs.—Questions Presented on Instructions.*—Appending to each of a number of instructions set out in appellants' brief, the statement that it was given out by the court, excepted to by appellants, and assigned as one of the grounds for a new trial, and in each case referring to the page and lines of the record where the entry may be found, is such substantial compliance with the rules as to present the questions arising on such instructions, although neither the motion for a new trial, nor its substance, is set out in the brief. p. 651.

6. MUNICIPAL CORPORATIONS. — *Defective Sidewalks. — "Obstruction."—Instructions.*—In an action against a city and a sewer contractor for injuries sustained in falling over a board left upon the sidewalk, an instruction to the jury on the subject of notice on the part of the city of the condition of the sidewalk, was not erroneous in referring to such board as an "obstruction", where the court in no way assumed or intimated that such obstruction was dangerous, or that it was of such character as to indicate negligence in placing it or permitting it to be upon the sidewalk. p. 651.

From Warrick Circuit Court; *Roscoe Kiper,* Judge.

Action by Mollie Pifer against the city of Evansville and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*George A. Cunningham, Edgar Durre* and *C. T. Curry,* for appellants.

*Samuel E. Crumbaker, John W. Spencer, John R. Brill* and *Frank H. Hatfield,* for appellee.

LAIRY, J.—Appellee received a judgment against both appellants for personal injuries. Each appellant addressed a separate demurrer to the complaint, and both of such

demurrers were overruled.   This ruling of the court is assigned as error.

From the averments of the complaint it appears that prior to the injury to plaintiff, the Hollerbach & May Contract Company had entered into a contract with its codefendant, the city of Evansville, by which it agreed to construct in said city a sewer, known as the "Kentucky Avenue Sewer," and that it had entered on the prosecution of such work.   It further appears that plaintiff was injured on the night of February 22, 1909, by falling over a board which had, been placed on the concrete sidewalk on Monroe avenue by defendant company in the prosecution of the work of constructing the sewer.   On the subject of negligence the complaint contains the following averments:   "That said defendants permitted and negligently permitted and allowed said plank or board to remain upon said concrete sidewalk on said Monroe avenue for a period of four or five days prior to and upon the said 22nd day of February, 1909; that said plank or board so left upon said sidewalk had no light placed upon the same and no guard placed upon, around or near said plank or board by which the attention of this plaintiff or others who might be lawfully walking upon said sidewalk would be attracted thereto;   *   *   *   that said defendants had notice of said condition in time to have prevented the injury to this plaintiff and that the said City of Evansville retained at all times the right to supervise and control the construction of said sewer."   The complaint also alleges, in effect, that the condition above described was on a public sidewalk in a thickly-populated and much-traveled part of the city, and that plaintiff, while walking in a careful and prudent manner along the street on a dark and rainy night, tripped on the plank and fell, and was thereby injured; that her injuries were caused by the negligence of defendants in permitting the plank to be placed and to remain on the sidewalk, as above set out.   A fuller statement of the averments of the

complaint is not necessary to an understanding of the questions raised.

Appellants claim that the complaint does not state facts sufficient to show a duty on the part of either of them to place lights or guards in the vicinity of the plank, 1. so left on the sidewalk, for the purpose of warning pedestrians of its presence, and in support of this contention it is said that there is no averment in the complaint that the condition created by the presence of the board on the sidewalk was a dangerous condition, or that it rendered the sidewalk unsafe for travel. The board, which is alleged to have been placed and permitted to remain on the sidewalk, is described in the complaint as a plank eight or ten feet in length, eight or ten inches wide and two inches thick; and it is alleged that it was on the traveled part of a concrete sidewalk, with no lights or guards to indicate its presence. There is no doubt that this board constituted an obstruction on the sidewalk; but whether the obstruction so created was of such a character as to render the contractor and the city liable on the ground of negligence, depends on its character, location and surroundings. If its character, location and surroundings were of such a nature as to indicate to a person of ordinary prudence that the condition created by its presence was likely to produce or cause some injury to someone in the use of the sidewalk, then the plank described is to be regarded as a negligent obstruction of the sidewalk. On the trial of the case, it was for the jury to say, from a consideration of the evidence, whether the plank in question was or was not a negligent or dangerous obstruction; but, as a matter of pleading, it is sufficient to allege that the board described was negligently placed and permitted to remain on the sidewalk. If the condition created by the presence of the board on the sidewalk was not of such a character as to indicate to a person of ordinary prudence that it was likely to cause injury to someone, then no negli-

gence in connection therewith could be imputed to anyone. The averment that appellants negligently permitted and allowed said board to remain on the sidewalk amounts to a charge that it was left there under such circumstances and conditions as to render the sidewalk unsafe and dangerous for use. The complaint in this case would be sufficient without any averment as to the failure to place lights or guards to indicate the location of the board. The simple allegation that defendants negligently permitted a board to be placed and to remain on the sidewalk is sufficient to charge negligence, in the absence of a motion to make the complaint more specific. Under such an allegation, its size, location and surroundings may be proved for the purpose of showing that the condition created was such as would indicate to a person of ordinary prudence that it would likely cause injury to someone, and, for the same purpose, evidence may be introduced under such averment to show that the condition of the sidewalk was concealed by darkness, and that no lights were placed to warn pedestrians of its condition.

It is apparent, from what has been said, that the objection that the complaint does not proceed on any definite theory on which it can be held sufficient is without foundation. The court did not err in overruling the demurrers to the complaint.

Appellants have failed to set out in their brief a copy of their motion for a new trial or to give the substance of such motion. Appellants have argued that the verdict of the jury is not sustained by sufficient evidence and that the damages awarded are excessive, but nowhere in their brief does it appear that either of these objections was assigned in the motion as cause for a new trial. These questions are therefore not presented for decision and cannot be considered. *Reeves & Co.* v. *Gillett*

(1911), 47 Ind. App. 221, 94 N. E. 242; *Talbott* v. *Town of New Castle* (1907), 169 Ind. 172, 81 N. E. 724.

A number of instructions are set out in appellants' brief. Appended to each instruction is a statement that it was given by the court, excepted to by appellants, and assigned as one of the grounds for a new trial, in each case referring to the page and lines of the record where the entry may be found. While this is not a literal compliance with the rules, it may be considered as such a substantial compliance as to present the questions arising on the instructions.

The objection urged against the third instruction cannot be sustained. An instruction similar in all respects was approved by a recent decision of this court. *Indianapolis Traction, etc., Co.* v. *Miller* (1909), 43 Ind. App. 717, 88 N. E. 526.

The fifth instruction related to notice on the part of the city. It is objected to on the ground that it assumes that the board described in the complaint constituted an obstruction to the sidewalk. This instruction is as follows: "The plaintiff in her complaint charges that the defendant had notice of the condition of the sidewalk as to the obstruction set out in her complaint in time to have prevented the injury to her, and the court instructs the jury that notice of the condition of the public streets and sidewalks of the city may be either actual, or constructive, and that notice of the said condition may be inferred from the length of time it existed, together with all other facts and circumstances concerning the obstructions and in determining whether or not defendants knew of the obstruction, you may take into account when it was placed—also the length of time the obstruction existed; also the condition of the street and sidewalk as to whether they were much or little traveled, or otherwise, and from all the facts and circumstances concerning the placing of the obstruction, determine whether or not the defendants knew of it."

The court did not err in referring to the board described in the complaint as "an obstruction." Anything which to any extent obstructs the free use of the street or sidewalk is an obstruction, but not all obstructions are of such a character as render the street or sidewalk unsafe for use. The court did not by this instruction assume or intimate that the obstruction referred to was dangerous, or that it was of such a character as to indicate that defendants were guilty of negligence in placing it or permitting it to be upon the sidewalk. The word "obstruction" as used in this instruction clearly referred to the plank described in plaintiff's complaint, and, without doubt, the jury so understood it. The instruction is not to be commended; but when it is considered in connection with the other instructions given, and in the light of the evidence, we think that the jury was not thereby misled. What has been said in reference to this instruction applies with equal force to the sixth and seventh instructions, to which similar objections are urged.

We find no reversible error in the record, and the judgment is affirmed.

Note.—Reported in 100 N. E. 110. See, also, under (1, 2) 28 Cyc. 1465; (4) 2 Cyc. 1014; (6) 28 Cyc. 1515. As to the liability of a municipal corporation for defects or obstruction in streets, see 20 L. R. A. (N. S.) 513; 103 Am. St. 257. As to the liability of a municipality for injuries from unevenness in sidewalk or cross walk, see 29 L. R. A. (N. S.) 180. For a discussion of the municipal liability as to stationary obstructions in streets, see 1 Ann. Cas. 968; 10 Ann. Cas. 679.