## City of Evansville et al. v. Pifer.

[No. 8,000.   Filed May 16, 1913.]

1. APPEAL.—*Briefs.*—*Statement of Nature of Action*—The statement in appellants' brief, that the action was brought by appellee to recover damages for loss of service, etc., of appellee's wife, and is based upon the same alleged negligence upon which the action by appellee's wife against appellants was predicated, is not a statement of the nature of the action in compliance with Rule 22 of the Supreme and Appellate Courts.   p. 452.

From Posey Circuit Court; *Herdis F. Clements,* Judge.

Action by George Pifer against the City of Evansville and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*George H. Cunningham, Edgar Durre, Clifford T. Curry* and *G. V. Menzies,* for appellants.

*Samuel E. Crumbaker, John W. Spencer, John R. Brill* and *Frank H. Hatfield,* for appellee.

SHEA, J.—Appellee's wife, Mollie Pifer, upon the same facts involved in this appeal, recovered judgment in the court below against appellants for personal injuries sustained by her, which judgment was affirmed in this court. See *City of Evansville* v. *Pifer* (1912), 51 Ind. App. 646, 100 N. E. 110.

It is insisted by appellee that the brief filed by appellants in this case is defective in the following particulars: first, in the statement of the nature of the action.   Appellant's statement is as follows:   "This action was brought by appellee to recover damages for loss of service, etc., of appellee's wife, and is based upon the same alleged negligence of appellants, upon which the action of Mollie Pifer v. appellants [*City of Evansville* v. *Pifer, supra*] was predicated." This is not a compliance with Rule 22 of this court.

Appellee next points out that appellants do not set out in

their brief a copy of the complaint nor of any of the pleadings, but only refer to the record where the same can be found; that appellants' brief does not attempt to state in any manner what causes for a new trial were set out in the motion, and there is nothing in the brief disclosing any of the reasons assigned for a new trial in the motion therefor. Complaint is also made that the notice served upon appellant city, which the city insists is not sufficient, is not set out in appellants' brief, either by copy or a statement of its contents, and therefore no question is presented as to the sufficiency of such notice. The brief is subject to many infirmities which we need not pass upon here. In the well-considered opinion in the case of *City of Evansville* v. *Pifer, supra,* the law applicable to the questions involved in this case, is clearly stated, and upon the authority of that decision, the judgment in this case is affirmed.

Judgment affirmed.

NOTE.—Reported in 101 N. E. 824. See, also, 2 Cyc. 1013.