CITY OF TERRE HAUTE *v.* LAUDA.

[No. 8,568.    Filed April 2, 1915.]

1. APPEAL.—*Presenting Questions for Review.*—*Ruling on Motion to Make Specific.*—*Briefs.*—On alleged error in the overruling of a motion to make a complaint more specific, no question is presented on specifications therein as to which appellant's brief does not indicate that the ruling was in any way harmful.    p. 483.

2. MUNICIPAL CORPORATIONS.—*Injuries from Defective Streets.*—*Complaint.*—*Motion to Make Specific.*—Where the complaint in an action aganst a city for injuries by falling into a hole in a street alleged that on the day of the injury, and for more than two months prior thereto, the defendant negligently permitted a hole about four inches deep, fourteen inches wide and two feet long, to exist in its street about eight feet east of the west curb line and about twenty-five feet south of a certain cross street, and on the west side of the railway track located therein, there was no reversible error in overruling a motion to make the complaint more specific by more definite allegations as to the shape, form and contour of such hole.    p. 483.

3. MUNICIPAL CORPORATIONS.—*Injuries from Defective Streets.*—*Complaint.*—*Motion to Make Specific.*—A complaint for injuries caused by a defective street, alleging that on a dark evening when the streets were covered with water, plaintiff, while walking with due care from one street car to another, "stepped, slipped and fell" into a certain described hole in the street, sufficiently alleged the manner in which the injury was received, as against a motion to make it more specific in that respect.    p. 484.

4. MUNICIPAL CORPORATIONS.—*Injuries from Defective Streets.*—*Complaint.*—*Sufficiency.*—Where a complaint against a city for injuries from falling into a hole in a street, alleged the existence of a hole, which was specifically described, for a period of more than two months prior to the injury, and alleged facts showing the manner in which plaintiff was injured thereby, it was sufficient as against the objection that no actionable negligence was shown and that it did not show that the alleged defect caused the injury.    p. 485.

5. PLEADING.—*Complaint.*—*Sufficiency on Appeal.*—Where a complaint is sufficient to withstand a demurrer it is sufficient as against an attack on appeal by independent assignment of error.    p. 485.

6. APPEAL.—*Review.*—*Harmless Error.*—*Instructions.*—Alleged error in the giving of an instruction relating only to the amount of damages will be treated as harmless, where appellant fails to present any question relating to excessive damages.    p. 485.

7. APPEAL.—*Review.—Refusal of Instructions.*—In an action for injuries by falling into a hole in a street, at a time when the street was covered with water from a heavy rain, a requested instruction stating that if parts of the street were covered with water and plaintiff failed to use due care by stepping on places that were not covered with water, she assumed the risk of any injury that might occur by stepping on places covered by water, etc., was erroneous and properly refused. p. 486.

8. MUNICIPAL CORPORATIONS.—*Streets.—Duty to Keep Safe for Travel.*—A city is charged with the duty of keeping its streets reasonably safe for travel both in the daytime and nighttime. p. 486.

9. MUNICIPAL CORPORATIONS.—*Injuries from Defective Streets.— Trial. — Verdict. — Answers to Interrogatories.* — In an action against a city for injuries sustained by falling into a hole in a street, a verdict for plaintiff is not overcome by the jury's answers to interrogatories specially finding the character and nature of the alleged defect, in the absence of a further finding that such defect did not render the street dangerous, or that the street was reasonably safe for travel at the time and place of the injury. p. 486.

10. APPEAL.— *Review.— Verdict.— Answers to Interrogatories.*— A verdict for plaintiff for injuries sustained in stepping into a hole in a street is not open to attack on the ground that the jury's answers to interrogatories show that plaintiff was guilty of contributory negligence in stepping into water which covered the hole without first ascertaining the depth of the water, in view of evidence showing not only the character of the alleged defect, but also showing that the injury was received after dark, that it was raining and that the street was covered with water at the time. p. 487.

From Superior Court of Vigo County; *John E. Cox,* Judge.

Action by Maude R. Lauda against the City of Terre Haute. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Peter M. Foley, Thomas J. Roach* and *Thomas F. O'Mara,* for appellant.

*Hamlin, Hickey & Evans,* for appellee.

FELT, J.—This is an appeal from a judgment in damages for $500, obtained by appellee against appellant for per-

sonal injuries alleged to have been caused by a defect in one of appellant's streets.

The errors, properly assigned, presented and relied on for reversal are: the overruling of appellant's motion to make the complaint more specific; the overruling of appellant's demurrer to the amended complaint; the complaint does not state facts sufficient to constitute a cause of action; overruling appellant's motion to strike out parts of the amended complaint; overruling appellant's motion for a new trial; overruling appellant's motion for judgment on the answers to interrogatories notwithstanding the general verdict.

The complaint is long and sets out many collateral matters in detail. Its material averments pertinent to the questions raised by this appeal are as follows: Appellant is a municipal corporation. On November 1, 1910, and for more than two months prior thereto it carelessly and negligently permitted and allowed a hole about four inches deep, fourteen inches wide and two feet long, to remain in one of its streets known as South Seventh Street and near Wabash Avenue, and negligently and carelessly failed to guard, protect or cover the hole. Appellee, while transferring from one city car to another at such point and while using the street, was seriously injured. The averments which show the manner in which she received such injuries are as follows: "That on said 1st day of November, 1910, at the time plaintiff received her injuries, as hereinafter alleged, and during all of said day, it had been raining in the city of Terre Haute and the said hole which said defendant carelessly and negligently permitted and allowed to be and remain in said street, as aforesaid, as a result of said rain, at the time plaintiff received her injuries as hereinafter alleged, was full of water, and * * * it was nighttime, and very dark. That when said passenger car stopped on said South Seventh Street at said point, at and near said Wabash Avenue, as aforesaid, plaintiff got

off said car, and while using due care and diligence for her own safety * * * was walking from said point where she got off said car * * * to the point on said Wabash Avenue, and said South Seventh Street which would take her to her home * * * and while using due care and diligence, as aforesaid, plaintiff at about the hour of 5:45 o'clock p. m. of said day, through all of said carelessness and negligence of said defendant, stepped, slipped, and fell into said hole on said South Seventh Street," and was severely injured. "That plaintiff received all of said injuries wholly through said carelessness and negligence of said defendant, and without any fault or negligence on" her part. It is also charged that the city had notice and knowledge of the alleged defect two months prior to the injury and in ample time to have repaired the same, and appellee had no knowledge thereof.

Appellant's motion to make more specific contains a number of specifications, but only the third and ninth are duly presented. Appellant has not indicated in what respect it was hindered in the preparation of its defense or deprived of any substantial right by the court's ruling on the motion. *Pittsburgh, etc., R. Co.* v. *Ross* (1907), 169 Ind. 3, 80 N. E. 845; *Annandall* v. *Union, etc., Lime Co.* (1908), 42 Ind. App. 264, 84 N. E. 359. The third specification asks for more definite allegations as to "the shape, form and contour of the hole in the street which" appellee alleges caused her injury. It is alleged in the complaint, "that on the 1st day of November, 1910, and for more than two months prior thereto, said defendant carelessly and negligently permitted and allowed to be and remain in said South Seventh Street about 8 feet east of the west curb line of said street, and about 25 feet south of said Wabash Avenue, and on the west side of said street railway a hole about four * * * inches deep, fourteen * * * inches wide and two * * * feet long." The rule is established that a defendant in an action for

personal injuries is entitled to know from the complaint the specific acts or omissions on which the plaintiff relies as constituting negligence, and likewise the surrounding and existing conditions, and what occurred at the time of the injury. But under the repeated decisions of our Supreme Court and of this court, when applied to the facts of this case, no reversible error was committed in overruling the motion to make the complaint more specific in the respect above indicated. *Terre Haute Brew. Co.* v. *Ward* (1914), 56 Ind. App. 155, 102 N. E. 395, 105 N. E. 58; *Cleveland, etc., R. Co.* v. *Bowen* (1913), 179 Ind. 142, 100 N. E. 465; *Diamond Block Coal Co.* v. *Cuthbertson* (1906), 166 Ind. 290, 76 N. E. 1060; *Illinois Cent. R. Co.* v. *Cheek* (1899), 152 Ind. 663, 53 N. E. 641; *Grass* v. *Ft. Wayne, etc., Traction Co.* (1908), 42 Ind. App. 395, 81 N. E. 514. See, *City of Indianapolis* v. *Stokes* (1914), 182 Ind. 31, 105 N. E. 477; *City of Evansville* v. *Pifer* (1912), 51 Ind. App. 646, 100 N. E. 110; *Schapker* v. *Schwetz* (1914), 56 Ind. App. 499, 105 N. E. 579.

The ninth specification in appellant's motion to make the complaint more specific asks that appellee state more "definitely and particularly how she stepped, slipped and fell into the alleged hole in the street". Whatever may have been the rule in the earlier cases, under the more recent decisions, the complaint was sufficient in respect to the manner in which the alleged injury was received and no reversible error was committed in ruling on said motion. *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99; *Kinmore* v. *Cresse* (1913), 53 Ind. App. 693, 696, 102 N. E. 403; *Pinnell* v. *Kelly* (1913), 54 Ind. App. 59, 99 N. E. 772; *Grand Trunk, etc., R. Co.* v. *Porter* (1912), 49 Ind. App. 692, 97 N. E. 1040; *Judah* v. *F. H. Cheyne Elec. Co.* (1913), 53 Ind. App. 476, 101 N. E. 1039; *Kahle* v. *Crown Oil Co.* (1913), 180 Ind. 131, 100 N. E. 681; *Cleveland, etc., R. Co.* v. *Stevens* (1912), 49 Ind.

App. 647, 96 N. E. 493; *Shellhouse* v. *Field* (1912), 49 Ind. App. 659, 97 N. E. 940.

The same objections are urged to the sufficiency of the complaint and the same authorities are cited to support the contention that the alleged defect in the pavement does not show any actionable negligence against appellant, and does not show that the alleged defect caused the injury. In *City of Evansville* v. *Pifer, supra,* where a plank was allowed to remain on a sidewalk and the plaintiff was injured, the court said: ''it is said that there is no averment in the complaint that the condition created by the presence of the board upon the sidewalk was a *dangerous condition, or that it rendered the sidewalk unsafe for travel* \* \* \* The averment that appellants negligently permitted and allowed said board to remain on the sidewalk amounts to a charge that it was left there under such circumstances and conditions as to render the sidewalk unsafe and dangerous for use.'' (Our italics.) The court did not err in overruling the demurrer to the complaint and, if sufficient to withstand the demurrer, it is amply sufficient as against the independent assignment of error made in this court which also challenges the complaint for insufficiency of the facts alleged to state a cause of action.

It is next insisted that the court erred in overruling appellant's motion for a new trial. Under this assignment, only two errors are referred to in appellant's points and authorities. One of these relates to the giving of instruction No. 9 requested by appellee. This instruction relates only to the amount of damages. Appellant presents no question relating to excessive damages. This renders unnecessary a consideration of the instruction, for the reason, that if erroneous, the giving of it was harmless error. *Pittsburgh, etc., R. Co.* v. *Macy* (1915), 59 Ind. App. —, 107 N. E. 486, 491, and cases cited; *Peabody-Alwert Coal Co.* v. *Yandell* (1913), 179 Ind. 222, 100 N. E. 758.

The other ground of appellant's motion for new trial discussed, relates to the refusal to give instruction No. 14, requested by appellant. This instruction in effect 7. states that, if at the time of the alleged accident parts of the street were covered with water and appellee failed to use due care by stepping on places in the pavement that were not covered with water, "then I instruct you that plaintiff, as a matter of law, assumed the risk of any injuries that might occur to her by stepping in such places covered with water", if such there were within her convenient reach. The instruction is clearly erroneous and subject to criticism in several respects. The facts of the case did not warrant the court in giving it and no error was committed in refusing to do so. The instructions given, when applied to the issues and facts, fully and fairly 8. state the law applicable to the case. The law imposes on appellant the duty of keeping its streets reasonably safe for travel both in the daytime and nighttime.

It is also contended that the court erred in overruling appellant's motion for judgment on the answers to interrogatories. Appellant insists that the answers show 9. that the alleged hole was not of such a character as to charge the defendant with negligence; that the jury found the hole to be about two inches deep, eight inches wide and two feet long; that where the facts are found concerning the character and nature of a defect or obstruction in a street, it becomes a question of law for the court to determine whether the maintenance thereof is negligence. In the absence of an express finding that the defect did not render the street dangerous, or that the street in question was reasonably safe for travel at the time and place of the injury, it must be presumed in favor of the general verdict that there was evidence to show that the alleged defect rendered the street dangerous to travel and that it was not in a reasonably safe condition at the time and place in question; and therefore that the city had not exercised care

commensurate with its duty to the public in that respect. *City of Evansville* v. *Pifer, supra.* The cases cited and relied on by appellant, when applied to the facts of this case, are not controlling.

It is also contended that the answers show that appellee was guilty of contributory negligence in stepping into water on the street when she stepped into the alleged hole, 10. without first ascertaining the depth of the water. The contention can not be sustained. There was evidence tending to show not only the character of the alleged defect in the street, but also to show that appellee's injury was received after dark, that it was raining, and the street was covered with water at the time. On this state of facts, the question of contributory negligence was properly submitted to the jury and we are not warranted in disturbing its finding. The court did not err in overruling the motion for a new trial.

Judgment affirmed.

NOTE.—Reported in 108 N. E. 392. As to liability of municipal corporation for defect in, or want of repair of streets, see 103 Am. St. 257; 108 Am. St. 136. See, also, under (1) 3 Cyc. 387; (2) 28 Cyc. 1469; (3, 4) 28 Cyc. 1465; (5) 31 Cyc. 82; (6) 38 Cyc. 1809; (7) 28 Cyc. 1523; (8) 28 Cyc. 1358; (9, 10) 28 Cyc. 1525; 38 Cyc. 1927.