PELTIER *v.* BRITTON, Administrator.

Assumpsit; judgment against the defendant by default; damages assessed at 220 dollars and 75 cents; and final judgment accordingly. The writ describes the plaintiff as administrator *de bonis non* of *A.*, and states the damages at more than were assessed. The declaration describes the plaintiff as administrator of *A.*, and states the demand to be 300 dollars due the intestate; concluding to the plaintiff's damage — hundred dollars. *Held*, that the judgment was not erroneous; the variance between the writ and declaration, and the omission in the conclusion of the declaration of the amount of damages, being cured by the statute of *jeofails*.

An inquiry of damages cures all defects that are cured by a verdict.

ERROR to the *Allen* Circuit Court.

SULLIVAN, J.—This was an action of assumpsit. The defendant did not appear in the Circuit Court, and judgment was taken against him by default. The jury impanelled to inquire of the plaintiff's damages assessed them at 220 dollars and 75 cents. The original writ is made part of the record, and the sheriff's return shows that it was duly served. The plaintiff below declared in general terms as the administrator of *Cushman,* deceased, for the sum of 300 dollars which the defendant owed to *Cushman* in his life-time; and the declaration concludes "to the damage of said *Britton,* as administrator as aforesaid, —— hundred dollars." In the writ, the plaintiff represents himself as administrator *de bonis non.*

It is contended by the plaintiff in error, 1st, that the variance between the writ and declaration is fatal on a writ of error; and, 2dly, that the Court erred in rendering judgment on the assessment of damages by the jury, because the amount of damages assessed by the jury, is greater than the amount of damages laid in the declaration.

If the plaintiff in error had appeared in the Circuit Court, and at the proper time taken his exceptions to the writ and declaration, we presume the Court would have held them to be well taken. But after the assessment of damages by the jury, it is too late to take advantage of the defects complained of.

The statute of *jeofails* provides, that "no judgment after the verdict of 12 men shall be stayed or reversed for any defect or fault in the writ original or judicial, or for a variance in the writ from the declaration or other proceedings," or "for a

mistake in the name of either party, sum of money, &c., the name or sum being right in any part of the record or proceedings," &c. And the statute further provides, that "no judgment after *an inquiry of damages* shall be stayed or reversed for any omission or fault, which would not have been good cause to stay or reverse the judgment, if there had been a verdict," &c. We suppose, that if the plaintiff in error had appeared in the Circuit Court, and without noticing the defects complained of, had pleaded to the action, and judgment had been rendered against him on the verdict of 12 men, it would not be contended by him, with this statute in view, that for the reasons assigned, that judgment ought to be reversed. The defects are, to our view, plainly such as would be cured by such a verdict.

The statute places judgments rendered on an inquisition of damages, and on the verdict of a jury, on the same footing; and whatever defects are cured by the one, are cured by the other.

If in the present case, the plaintiff had declared *in his own right,* when the process sued out by him was in his special character as administrator *de bonis non,* it may be that the statute would not have cured that defect. But as the writ and declaration both show the representative character of the plaintiff, and vary only in the kind of administration granted him, we think the statute protects the judgment of the Circuit Court.

With regard to the omission to lay the amount of the damages in the conclusion of the declaration, it may be sufficient to say, that from the writ and declaration it appears that the sum sued for exceeds the amount assessed by the jury. The sum being right in other parts of the record, the omission is cured by the statute, and it is too late after inquisition to take advantage of it.

*Per Curiam.*—The judgment is affirmed with 3 *per cent.* damages and costs. To be certified, &c.

*C. W. Ewing* and *H. Cooper,* for the plaintiff.

*D. H. Colerick,* for the defendant.