Burst *v.* Wayne.

JOHN L. BURST, Appellant, *v.* HARLEY WAYNE, Appellee.

APPEAL FROM McHENRY.

It is too late, after verdict, to take advantage of an omission to claim a specific sum in damages at the conclusion of a declaration, where the body of the count shows that the plaintiff claimed damages to an amount exceeding the verdict.

THIS cause was heard before WILSON, Judge, and a jury, at September term, 1851, of the McHenry Circuit Court, and resulted in a verdict and judgment for the appellee.

The facts of the case are stated in the opinion.

T. L. DICKEY and C. McCLURE, for appellant.

CHURCH & WILLARD and GLOVER & COOK, for appellee.

TREAT, C. J. This was an action of assumpsit brought by Wayne against Burst in July, 1850. A demurrer was sustained to the first count of the declaration; and the defendant pleaded non assumpsit to the second and third counts. A trial resulted in a verdict and judgment in favor of the plaintiff for $382.60. The defendant prosecuted an appeal to this court; and he has assigned for error that the declaration does not support the judgment. The second count, after setting out an agreement between the parties, and alleging a non-performance thereof on the part of the defendant, and averring that the plaintiff has sustained damages by reason of the premises to the amount of $1,200, concludes, " to the damage of the said plaintiff of twelve hundred , and therefore he brings suit." The third count alleges that the defendant, on the 1st day of September, 1850, was indebted to the plaintiff in the sum of $1,200, for work and labor before that time performed, and, being so indebted, promised to pay, &c. There is no *ad damnum* at the end of the declaration. The only objection taken to the third count is, that no specific sum in damages is claimed thereby. In our opinion this count is amply sufficient to sustain the judg-

ment. The omission in question might perhaps have been a cause of demurrer in the court below, but it is too late to take advantage of it in this court. It is one of those defects that are cured by verdict. The body of the count shows that the plaintiff claimed damages to an amount far exceeding the verdict. The case of Peltier *v.* Britton, (4 Blackf. 502,) is an authority in point. In that case, the amount of damages claimed by the plaintiff was left blank in the declaration. On error, the judgment was affirmed. The court said: " With regard to the omission to lay the amount of the damages in the conclusion of the declaration, it may be sufficient to say, that from the writ and declaration it appears that the sum sued for exceeds the amount assessed by the jury. The sum being right in other parts of the record, the omission is cured by the statute; and it is too late after inquisition to take advantage of it." It will not be necessary to inquire as to the sufficiency of the third count. The jury were authorized to assess the damages on the second count; and after verdict, if necessary to sustain the judgment, it should be intended that they did so assess them.

The judgment is affirmed.

*Judgment affirmed.*