# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

FIRST DISTRICT—MARCH TERM, 1891.

HENRY LEOPOLD ET AL.

V.

EDWARD T. STEEL ET AL.

*Attachments—Practice—Service of Process.*

1. Whether a return of service on a defendant in a given case was good or bad, cuts no figure where he appears and pleads.

2. An attachment being in aid, the defense to it, and the principal action, are to be made concurrently, and not the latter after the failure of the former, as in original attachments under Sec. 27 of the Attachment Act.

3. Being in court more than ten days before the term, if defendants wish to defend the principal action they should plead to it before the time expires.

4. An appearance entered upon the second day of a given term, is only equivalent to service upon that day, and the party so appearing is not required to plead at that term.

5. This court holds in the case presented, that a judgment against a certain defendant was premature; that the same is a unit and must be reversed as to all, and that the error in the rendering thereof was not waived by declining the offer of the court to let said defendant in on an affidavit of defense, and that she had a legal right to defend without terms.

[Opinion filed June 2, 1891.]

(17)

IN ERROR to the Superior Court of Cook County; the Hon.
JOHN P. ALTGELD, Judge, presiding.

Messrs. TENNEY, CHURCH & COFFEEN and GEORGE R.
MITCHELL, for plaintiffs in error.

Messrs. REMY & MANN, for defendants in error.

GARY, J.   Henry, Charles M. and Rosa  Leopold were
defendants in a summons to answer to Edward T. and Henry
Steel in an action of assumpsit, with an attachment in aid.
There was no service on Rosa, and the return of service as to
Henry and Charles M. is insufficient, but the last two pleaded
to the attachment on the second day of the term, and the
same day Rosa entered her appearance.   The declaration,
without any leave to amend, included William G. Steel as a
co-plaintiff with the other Steels, and being upon a printed
blank, the *ad damnum* clause was left in blank.

On the fourth day of the term, on motion of plaintiffs
below, the attachment was dissolved and judgment by default
entered against all of the defendants below without any rule
to plead or notice.

On the seventh day of the term the defendants below moved
the court to vacate and set aside the judgment and default,
and the court stated that it should be done if an affidavit of a
defense were filed, but this not being done, the motion was
denied.   If this judgment could be affirmed without disre-
garding the law, we should be glad to affirm it; but it can not.
The want of an *ad damnum* may be overlooked, even with-
out the aid of late statutes.   Burst v. Wayne, 13 Ill. 599,
citing Peltier v. Britton, 4 Blackf. 502, a case of judgment by
default, as authority.

Since the judgments of this court in Harms v. McCormick,
30 Ill. App. 125 (132 Ill. 104), and Kingsland v. Koeppe, 35
Ill. App. 81 (23 N. E. Rep. 48), were reversed, we have more
doubt whether the putting the name of William G. Steel into
the declaration can be excused than we should have had at the
time we decided those cases.

Whether the return of the service on Henry and Charles

Nat. Park Bank of N. Y. v. Halle.

M. Leopold was good or bad makes no difference; they appeared and pleaded to the attachment. The attachment being in aid, the defense to that and the principal action were to be made concurrently, and not the latter after the failure of the former, as in original attachments under Sec. 27 of the Attachment Act. Schulenberg v. Farwell, 84 Ill. 400.

Being in court on such service as there was, made more than ten days before the term, if they wished to defend the principal action, they should have pleaded to it before the time expired.

But as to Rosa the case is very different. She was only in court by her appearance entered on the second day of the term.

At the most, that appearance was only equivalent to service upon her on that day. She was not required to plead at that term. The judgment against her was therefore premature (Flagg v. Walker, 109 Ill. 494; Hoes v. Van Alstyne, 16 Ill. 384), and as it must be reversed as to her, it must be as to all, for it is a unit. Jansen v. Varnum, 89 Ill. 100.

The error is not waived by declining the offer of the court to let her in on an affidavit of defense. She had the legal right to defend without terms.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*