## The Lake Erie and Western Railroad Company

### *v.*

### John B. Wills.

*Filed at Springfield May 11, 1892.*

1. PRACTICE—*conceded facts—waiver of proof.* Where, on the trial of an action to recover of a railway company for a personal injury on the ground of negligence in operating the road, it is practically conceded by both parties that the defendant was in the possession of the road and operating it, and that the men in charge of the road and its machinery were servants of the defendant, the objection that such facts are not proven will be devoid of merit.

2. INSTRUCTIONS—*whether assuming facts.* On the trial of an action to recover for a personal injury to the plaintiff, the court instructed the jury, that if they found the defendant guilty, then, in assessing the plaintiff's damages, they might take into consideration, not only the bodily disability occasioned by the accident, if any was proved, but "also an impairment of the plaintiff's general health which is shown by the evidence, and which the jury believe, from the evidence, will affect or impair his future ability to attend to his ordinary business, the same as if the injury complained of had not occurred." By another instruction for the plaintiff the jury were told, that in estimating his damages, present and prospective, they should give only such damages as were shown by the evidence, and in many of the defendant's instructions the jury were told that the plaintiff's right of recovery must be shown by a preponderance of the evidence: *Held,* that the instruction first mentioned, taken in connection with the others, was not such as to mislead the jury, as assuming that the plaintiff's general health was impaired by the injury.

3. PLEADINGS—*of the ad damnum.* It is the uniform practice to place the *ad damnum* at the end of the declaration, and then it applies to each of the counts which precede it. It is not necessary to add it to each count.

4. SAME—*defects in, after verdict.* Defects in counts of a declaration which require a special demurrer to reach them, will be sufficient after verdict.

5. APPEALS—*reviewing questions of fact.* Where the Appellate Court affirms a judgment of the trial court for the plaintiff, in an action to recover for a personal injury and an injury to property, the judgment of affirmance will settle affirmatively all controverted questions of fact in the plaintiff's favor, and they will not be subject to review in this court. This includes the extent of the plaintiff's injury and right of recovery.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

Mr. W. E. HACKEDORN, and Mr. A. E. DEMANGE, for the appellant:

No proof was made that the defendant was operating the railroad on which the accident occurred, or that its employes were running the hand-car which collided with the plaintiff's wagon.

No recovery can be had upon any count in the declaration in excess of the *ad damnum* in such count. *Pierson* v. *Finney,* 37 Ill. 29; *Wallcott* v. *Holcomb,* 24 id. 331.

Each count of the declaration is independent, and must stand upon the proof adduced to support it, and proof of one count can not be made to supply want of proof of another count. *Brown* v. *Burnett,* 10 Bradw. 279; *Porter* v. *Drennan,* 13 id. 362; *Burnap* v. *Dennis,* 3 Scam. 478.

The verdict in this case is clearly against the evidence. The injury to the plaintiff is attributable solely to his own thoughtlessness and gross negligence. *Railroad Co.* v. *Fears,* 53 Ill. 115,—a case very similar to the one at bar.

Plaintiff went upon the crossing heedlessly and recklessly, without any precaution to ascertain whether or not the track was clear. This was gross negligence. *Railroad Co.* v. *Damerell,* 81 Ill. 450; *Railway Co.* v. *Jones,* 76 id. 316.

The place was well known to plaintiff to be a very dangerous one, and in proportion to the magnitude of his danger should have been his care. It was his duty before driving upon the track to use his senses of sight and hearing, to avoid danger. And the negligence of the railroad company in leaving its stock car in the street does not excuse him for his lack of ordinary care. *Railway Co.* v. *Hicks,* 13 Bradw. 407; *Railroad Co.* v. *McKean,* 40 Ill. 236; *Railway Co.* v. *Dimick,* 96 id. 45; *Railroad Co.* v. *Jacobs,* 63 id. 178; *Railroad Co.* v. *Lee,* 68 id. 583; *Railway Co.* v. *Hatch,* 79 id. 137.

The jury should have been left to determine, from the evidence, whether or not the fact existed; and the possibility, or even probability, that the jury may have construed the word "an" as meant to be the word "any" does not lessen the error or the injustice to appellant's rights. *Railway Co.* v. *Larmon,* 67 Ill. 71; *Russell* v. *Minteer,* 83 id. 153; *Small* v. *Brainard,* 44 id. 355.

The judgment in the case last above cited was reversed largely because the court thought the damages found by the jury were excessive, and the court could not say the jury was not misled by an instruction which assumed a fact upon which the amount of the verdict may have been based. *Duffield* v. *Delancey,* 36 Ill. 261; *Bond* v. *People,* 39 id. 26; *Farnan* v. *Childs,* 66 id. 544; *Railroad Co.* v. *Manly,* 58 id. 304; *Barrelett* v. *Belgard,* 71 id. 282; *Chicago* v. *Scholten,* 75 id. 472.

Mr. Thomas F. Tipton, for the appellee:

The affirmance of the judgment by the Appellate Court demonstrates appellee's right to recover. The question as to whether the damages awarded in the case are excessive or not, is a question of fact, and not a question of law that arises here. *Beeler* v. *Webb,* 113 Ill. 439; *Joliet* v. *Weston,* 123 id. 642; *Beard* v. *Maxwell,* 113 id. 440; *Railroad Co.* v. *Holland,* 122 id. 461; *Car Co.* v. *Bluhm,* 109 id. 20; *Mann* v. *McKiernan,* 110 id. 19.

It is not necessary to state the *ad damnum* to each and every count. 1 Chitty's Pl. 9; *Barruso* v. *Madan,* 2 Johns. 149.

The *ad damnum* is the logical and legal sequence of the case stated; but as the damage can only be claimed as the legal result of the case stated when proved, and the *ad damnum* is but the legal conclusion, therefore it is not of substance, and if omitted or left blank the judgment will nevertheless be sustained. 1 Sutherland on Damages, 759, 760; *Mattingly* v. *Darwin,* 23 Ill. 618; *Hargrave* v. *Penrod,* Beecher's Breese, 401; *Bank* v. *Guttschlick,* 14 Pet. 19; *Proctor* v. *Crozier,* 6

B. Mon. 268; *Croghill* v. *Page,* 2 Hen. & M. 446; *Stephens* v. *White,* 2 Wash. 260.

Mr. Justice Shope delivered the opinion of the Court:

This was an action for personal injury to the person and property of appellee, resulting from the collision of a hand-car, propelled by the servants of appellant on its railroad track, with the wagon of appellee, at a street crossing in the village of Saybrook. A trial resulted in a verdict for plaintiff, upon which judgment was rendered, and which was, on appeal, affirmed by the Appellate Court.

All questions of fact are by the judgments of the circuit and Appellate Courts settled affirmatively in plaintiff's favor, and are not the subject of review in this court. This includes the extent of plaintiff's injury and right of recovery. *Chicago and Eastern Illinois Railroad Co.* v. *Holland,* 122 Ill. 461; *Joliet* v. *Weston,* 123 id. 642, and cases cited.

It is insisted, however, that the court erred in giving the ninth instruction for the plaintiff, as follows:

"The court further instructs the jury, that if they find the defendant guilty under the testimony and instructions of the court, then, in assessing the plaintiff's damages, the jury may take into consideration not only the bodily disability occasioned by the accident, if any is proved, but also an impairment of the plaintiff's general health which is shown by the evidence, and which the jury believe, from the evidence, will affect or impair his future ability to attend to his ordinary business the same as if the injury complained of had not occurred."

It is urged the court thereby assumed as a fact that "an impairment of the plaintiff's general health" was shown by the evidence, and that fact being assumed, took the question of whether there was permanent impairment from the jury. It is stated by counsel for appellee that the word "an," as shown in the instruction as originally given, was "any," so that it

read as given, "also any impairment of plaintiff's general health which is shown by the evidence," etc., and that the error occurred in copying the instruction into the transcript. A suggestion of diminution of the record is made, and leave asked in this court to file an amended record. We have not seen proper to determine appellee's right to the leave asked, for the reason that we are inclined to concur with the Appellate Court, that while the instruction, in the form in which it appears in the record, can not be approved, when it is considered in connection with the context and other instructions given it could have done no injury. The objectionable clause is preceded by an instruction to the jury, that if they find for the plaintiff, in assessing his damages they might take into consideration the "bodily disability occasioned by the accident, if any is proved." And immediately following the objectionable clause, and coupled to it by the conjunction "and," is the statement, that the jury are to take into consideration any impairment of plaintiff's general health "which they believe, from the evidence, will affect or impair his future ability" to attend to his business. By the tenth instruction given for the plaintiff the jury were told, that in estimating the plaintiff's damages, present and prospective, they should give only such damages as were shown by the evidence. In numerous instructions given on behalf of the defendant they were instructed, that to enable the plaintiff to recover, his right to do so must be shown by a preponderance of the evidence. It seems impossible that the jury could have been misled into supposing that the court assumed as a fact that there had been permanent impairment of the plaintiff's general health. Moreover, it appears that the plaintiff, then seventy years old, was by the collision thrown from his wagon, striking the ground some fifteen feet away, with great violence. One result was concussion of the brain, rendering him unconscious at the time and delirious for many days. His neck, shoulders and body were bruised, one bone of his forearm broken and

the other dislocated at the wrist, and, traumatic cataract supervening from the injury, he had, at the time of the trial, practically lost the use of one eye. It is true, a physician testified that the broken and dislocated wrist, at the trial, was "a pretty good wrist," or "a very good wrist;" but it is apparent this language was used in a comparative sense, and not as intending to intimate that the wrist was not permanently injured. Without commenting further upon the evidence it is, when all the evidence is considered, practically undisputed that the plaintiff was, in the language of the Appellate Court, "seriously and permanently crippled" and disabled. The instruction was not liable to mislead the jury, and its being given was not prejudicial error.

It is also objected that the declaration was defective, and insufficient to support a judgment. The particular defect alleged is, that the *ad damnum* appears at the end of the third count of the declaration, and not elsewhere. The declaration consists of what appear to be four counts, the fourth being added after the *ad damnum*. There is no pretense that the first three counts do not state a good cause of action. But it is said, that if the evidence warrants a recovery at all, it could be under the third count only, as the *ad damnum* can apply only to that count. The uniform practice is to place the *ad damnum* at the end of the declaration, and it then applies to counts which precede it. It is not necessary or proper to add it to each count. (*Burst* v. *Wayne,* 13 Ill. 599.) If objectionable on special demurrer, the first three counts of the declaration were clearly sufficient after verdict.

It is objected that there was no evidence showing that appellant was the owner of or operating the railway, or that the men in charge of the hand-car were in the employ of appellant. The fact that the defendant was in possession of the railroad and operating it, and that the men in charge of the hand-car were its servants, was assumed and practically conceded by both parties, and the case throughout tried on that theory.

In at least three of the instructions asked by the defendant, and given, the fact that the defendant was in possession of the railroad and operating it is directly assumed. No objection was made, or suggestion of the want of direct proof of these facts, before the return of the verdict. Under these circumstances the contention is without merit. Both the court and jury were warranted in proceeding upon the theory that the proprietorship of the railroad, and the relation of the men in charge of and operating the hand-car with the defendant, were uncontroverted, and there was no issue, as there was in fact no real contention, in respect of such facts.

We find no error in this record which entitles appellant to a reversal of the judgment of the Appellate Court, and it is accordingly affirmed.

*Judgment affirmed.*