## James H. Eckels et al., Receivers, v. Bettie Bryant.

### Gen. No. 13.397.

1. GENERAL ISSUE—*what does not put in issue.* The ownership and operation of a traction line is not put in issue by the plea of the general issue.

2. CUSTOM—*when proof of, with respect to persons alighting at particular point, not prejudicial, if admitted.* Held, under the facts of this case, that it was not prejudicial error to permit proof of a general practice of passengers of boarding and alighting from cars at a particular point.

3. MEDICAL EXPERT—*what does not render testimony of incompetent.* The testimony of a medical expert as to objective symptoms discovered by him is not incompetent where such symptoms were discovered upon an examination made by him for the purpose of qualifying as a witness.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1906. Affirmed. Opinion filed November 22, 1907.

**Statement by the Court.** This is an appeal from a judgment in favor of appellee for personal injuries.

The accident in controversy occurred in the forenoon of February 16, 1904, on the street car line operated by appellant on Adams street, Chicago. The west-bound street cars on Adams street were drawn by horses from the State street terminus to a point from 75 to 125 feet east of Fifth avenue. At that point it was the custom to remove the horses and operate the car westward by electricity. Plaintiff's claim is that she was a passenger on a west-bound car and endeavored to get off the car at the point where and during the time when the car was standing still while the horses were being detached, connection made with the trolley and the fender let down; that while in the act of getting off the car it was suddenly and negligently started, causing her to be thrown to the ground, inflicting the injuries complained of. There is evidence tending to show that this was not a regular stopping

place for the west-bound cars to enable passengers to alight, but that the place where the cars were stopped for that purpose was on the west side of Fifth avenue between one and two hundred feet further west than where the accident occurred.

The cause was submitted to a jury who returned a verdict in favor of appellee, upon which the judgment complained of was entered.

JOHN A. ROSE and ALBERT M. CROSS, for appellants; W. W. GURLEY, of counsel.

JAMES R. WARD and LESTER E. LEE, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is contended that the plea of general issue did not admit that appellants as receivers were possessed of or operating the railway and car in question, and that there being no proof of such possession and ownership the jury should have been directed to return a verdict in favor of appellants, as requested by the latter's counsel. The declaration charges appellants as receivers respectively of the West Chicago Street Railroad Company and of the Chicago Union Traction Company. It avers that the West Chicago Company constructed and that the Union Traction Company as lessees operated said street railway. It further avers that said receivers as such were on and prior to the date of the accident in possession and control of the street car upon which plaintiff was on that date a passenger. The case was tried on this theory by both parties. One of the witnesses called in behalf of appellants testified that he was an "investigator for the Union Traction Company." The conductor of the car and the motorman in charge at the time of the accident both testified. The former stated that he took the names of witnesses, which it appeared were investigated by the said investigator of the Union Traction

Company. The conductor identified a book of rules as one of the rule books of the Chicago Union Traction Company. Appellants' counsel produced a witness who stated that he was told when subpoenaed that this was a case for the Union Traction Company, and another witness referred to the car in question as "one of the Union Traction Company's street cars." In this case, as in C. & E. I. R. R. Co. v. Schmitz, 211 Ill. 446-459, the "allegation of ownership was mere inducement to the general charge of negligence and therefore the evidence which was introduced of ownership, even though it may have been slight, was sufficient to support the allegation of the declaration." What is further said in that case as to evidence "of facts which everybody is presumed to know," and as to "formal proof of ownership in cases like the present," is applicable here. It is said in that case, "we do not understand that the doctrine of the case of McNulta vs. Lockridge (137 Ill. 270) was overruled by the later case of Chicago City Railway vs. Carroll" (206 Ill. 318); and the doctrine of the McNulta case is accordingly restated and reaffirmed as follows: "Here the plea of not guilty was filed and in an action against a railway company for personal injury where the declaration alleges that the defendant company was in possession of the road and operating it, it will be impliedly conceded by the pleadings not only that the defendant company was a corporation, but also that at the time of the alleged injury it was operating the particular line of railroad mentioned in the declaration and that the operators in charge of the train being run on said road were its servants and employes." See, also, Lake Erie & Western R. R. Co. v. Wills, 140 Ill. 614. To the same effect is Penn. Co. v. Chapman, 220 Ill. 428-431, where it is said: "In the case of McNulta vs. Lockridge, 137 Ill. 270, we decided that the general issue alone does not put in issue either the character in which the plaintiff sues or the character or capacity in which

the defendant is sued. In this case the appellant, by filing only the general issue, impliedly conceded that at the time of the alleged injury it was operating the particular line of road mentioned in the declaration and that the operators in charge of the trains were its servants and employees.'' In view of these cases, we are not at liberty to consider, as counsel suggest, that in the McNulta case the Supreme Court ''inadvertently gave an effect to a plea of general issue in Illinois which it should not have.'' If that ruling is to be questioned, it should be done in that court.

It is next claimed that the verdict is not supported by the evidence, that the overwhelming weight of the evidence proves appellee to have been guilty of contributory negligence in alighting from a moving car. The claim is that she was standing on the rear platform of the car and had been for six or seven seconds without alighting or starting to alight before the car started, and that she stepped off the car at the time the conductor gave the signal to go ahead. It is argued that, without giving the conductor any notice, and after standing there some seconds when she might have alighted, she suddenly decided to get off at or about the time the conductor, who was on the street near the front end of the car, gave the signal to start. The plaintiff herself testified that she noticed the horses were being uncoupled from the car; that, believing herself near Field's wholesale store, she arose, and, to make sure, inquired of a gentleman in front of her, who pointed in the direction of that store; that she then moved quickly to the platform, stepped to the first step and then to the ground, the car starting just at that moment and throwing her forcibly to the ground. Another witness stated that ''the car moved as she was stepping from the step to the ground.'' It is true the last mentioned witness stated that he first noticed appellee ''standing on the platform'' of the car at the time the change was being made from horse to electric power; but, taken in its

connection, the statement that she was "standing on
the platform" is open at least to the construction that
the witness meant she was standing there in the sense
that she was proceeding to get off, and the jury may
have so understood him, as they properly might. The
claim of appellants is that appellee suddenly discov-
ered, after the change to electricity had been effected
and after the car had started, that she was near
Field's and then rushed out and left the car while
it was in rapid motion. The evidence is conflicting
and the disputed question of fact must, we think, be
regarded as settled by the verdict.

It is said the point where she left the car was not
a regular stopping place for the discharge of pas-
sengers, and that appellant is not liable where its em-
ployes have no actual knowledge the passenger is
about to alight. A street car is not in this respect
like a car on a steam railroad. When a street car
habitually stops, as in this case, at a certain point to
change its motive power from horses to electricity,
passengers, in the absence of notice to the contrary,
may readily be led to assume that it is, as in fact it
was in this case, a regular stopping place, that they
are at liberty to get off in the same way as at any
other stopping place and that they are entitled to sup-
pose that while doing so they will not be negligently
injured. In the case at bar it is shown by the con-
ductor's evidence that he regarded it as his duty to
"see if passengers were getting on or off" at this
point, as much so as at any other stopping place.
"Whenever the car stops that is my duty," he testifies.
It is said, however, that appellee gave him no notice
or signal that she was about to get off. It is difficult
to see how she could be expected to do so when the
conductor was on the street attending to the change
from horses to electric power. In C. &, E. I. R. R.
Co. v. Jennings, 190 Ill. 478-483, cited by appellant,
the familiar doctrine that the carrier owes to its pas-
senger the highest practicable degree of care in trans-

porting him is stated, and it is said: "If Jennings was a passenger the defendant owed to him the highest degree of care and prudence to carry him to his destination, to protect him from injuries from its servants and trains and to afford him a reasonable opportunity to leave the train with safety."

It is said the trial court erred in admitting evidence of a general practice of passengers to board and alight from cars at this point. In view of the evidence of the conductor above referred to, such proof may have been unnecessary, but its introduction cannot be deemed serious error. It was a fair question for the jury under the conceded facts, without reference to proof of such a custom, to determine whether appellants were negligent in failing to anticipate that appellee might alight there, and in failing to take proper measures to prevent injury to her should she do so. The conductor states it was his duty there to see if passengers were getting on or off before starting his car. Evidence of the practice of passengers in that respect at that point was not therefore of material importance. It tended to show why that was the conductor's duty, perhaps, but the duty being conceded, the reason for its existence is not material.

Complaint is made of the admission of evidence of a medical witness said to have been based upon subjective symptoms and upon the conduct of appellee. The physician testified that from objective symptoms he was of opinion there might or might not have been dislocation of the hip, that in his judgment the resistance he encountered in testing flexibility of the limb was from the joint and not from the muscles. It is true the witness had not treated appellee for the injury, but examined her for the purpose of testifying in her behalf. This fact, however it might affect his credibility in the opinion of the jury, did not render his testimony incompetent. Village v. Rowe, 166 Ill. 114-117. He testified to appellee's physical con-

dition from a personal examination of appellee's hips, limbs, etc., and from measurements which he made.

Complaint is made of certain instructions, which are alleged to be technically open to objection. It would unduly prolong this opinion to consider these objections in detail and it must suffice to say that a careful examination discloses no reversible error. Nor can we say in view of the evidence relating to the extent and consequence of appellee's injuries that the verdict is excessive.

Finding no material error the judgment of the Superior Court must be affirmed.

*Affirmed.*