CHICAGO, TERRE HAUTE AND SOUTHEASTERN RAIL-
WAY COMPANY ET AL. v. NIXON.

[No. 10,816.　Filed June 9, 1921.]

1. PLEADING.—*Complaint.*—*Motion to Make Specific.*—*Personal
Injuries.*—In an action against a railroad company for alleged
injuries to the person of an injured coal miner resulting from
failure of defendant company to transport him as a passenger,
thereby causing him to remain in the station, which was cold,
unhealthy and unsanitary, while in an injured and helpless con-
dition, *held* that a motion to make the complaint more specific
as to the facts necessary to sustain the conclusion that plaintiff
suffered both in body and mind, as to the nature and extent of
the injuries, etc., should have been sustained, where the com-
plaint merely alleged that defendant company "wrongfully re-
fused to receive and carry plaintiff, * * * and that by reason
of plaintiff being compelled to remain in said station house
* * * he thereby suffered both in body and mind." p. 88.

2. EVIDENCE. — *Judicial Notice.* — *President's Proclamation.* —
Courts will take judicial notice of the proclamation of the Pres-
ident of the United States taking over the railroads as a war
emergency measure. pp. 89, 90.

3. RAILROADS.—*Damages Growing Out of Federal Operation.*—
*Liability of Owners.*—While a railroad is being operated under
exclusive government control as a war measure, the railroad
company is not liable for any damages growing out of such
operation. p. 90.

From Vigo Superior Court; *William T. Gleason,*
Judge.

Action by Charles Nixon against the Chicago, Terre
Haute and Southeastern Railway Company, in which
Walker D. Hines, director general of railroads, was
made a party defendant. From a judgment for plain-
tiff, the defendants appeal. *Reversed.*

*Beasley, Douthitt, Crawford & Beasley,* for appel-
lants.

*Orph M. Hall,* for appellee.

NICHOLS, P. J.—This action was begun by appellee
June 25, 1918, against appellant Chicago, Terre Haute
and Southeastern Railway Company. Subsequently, upon

application of appellee, Walker D. Hines as director general of railroads was made a party defendant. Appellee seeks to recover for alleged injuries to his person by reason of the alleged failure of appellants to transport him as a passenger from the station of Midland, Greene county, Indiana, to the city of Terre Haute, Vigo county, Indiana, on February 16, 1918. It is averred in the complaint that appellants refused appellee passage on the first northbound train, thereby causing him to remain from 8 o'clock a.m. until 3 o'clock p.m. while in an injured and helpless condition in the station house at Midland, which was kept and maintained in a cold, unhealthy and unsanitary condition. Appellee previously to presenting himself for transportation had been injured in a coal mine near said town of Midland and sought transportation to the city of Terre Haute in order that he might receive medical treatment and attention at the Union Hospital of said city. It is averred in the complaint that appellants "wrongfully refused to receive and carry plaintiff, * * * and that by reason of plaintiff's being compelled to remain in said station house * * * he thereby suffered both in body and mind during all of said time." There is a prayer for judgment for damages in the sum of $25,000.

Appellants filed a motion to require appellee to make his complaint more specific, which was overruled, and thereupon appellants separately filed demurrers to the complaint which were overruled. There was a motion by appellant railway company to dismiss the action, which was overruled, and after answer in general denial was filed, the cause proceeded to trial before a jury which returned a verdict in the sum of $1,000, in favor of appellee upon which judgment was rendered.

By appellants' motion to make more specific they ask that it be so made in the following particulars, and

each of them, to wit:  By alleging the facts nec-
1.  essary to sustain the conclusion that appellee
suffered both in body and mind, averring
specifically in what manner and to what extent appellee
suffered in body; facts to show in what respects he
suffered in body; facts to show what plaintiff relies
upon as the proximate cause of his alleged suffering in
body; what organs, members or parts of his body sus-
tained injury or sustained suffering as alleged; facts to
show specifically how and in what way or manner any
alleged acts or omissions of appellants caused appellee
to suffer in body; and the facts to show specifically how
and in what way or manner any alleged acts or omis-
sions of appellants caused appellee to suffer in mind.
The motion to make more specific should have been sus-
tained.   That appellee "suffered both in body and mind"
furnishes no information as to the nature or extent of
the bodily injuries inflicted by appellants and suffered
by appellee.   That appellee suffered pain whether in
body or mind, furnishes no ground of recovery unless
such pain was the result of bodily injuries caused by
appellants; appellants should not be required to specu-
late before trial as to the nature and extent of the in-
juries claimed by appellee.

It appears by the complaint that appellee had suffered
physical injuries several hours before presenting him-
self for transportation upon appellants' train and at a
time and place other than appellants' station.   He had
been injured seriously at a mine and it does not appear
by the complaint that he had received any wounds,
bruises or other injuries that occasioned the suffering
in mind and body complained of and that were due to
any act or omission of appellants.

In the case of *Schapker* v. *Schwetz* (1914), 56 Ind.
App. 499, 105 N. E. 579, there was an allegation in the
complaint that appellant "unlawfully, carelessly and

negligently drove his automobile into and upon a herd of milk cows, striking and injuring and wounding said cows to the damage of this plaintiff in the sum of $100." It was held that such an allegation was altogether too general in its statement as against a motion to make more specific, and does not sufficiently inform appellant as to the nature and character of the injury inflicted upon the particular cows alleged to have been injured." The motion to make more specific was overruled by the trial court and this ruling was held to be reversible error.

In the case of *Tipton Light, etc., Co.* v. *Newcomer* (1900), 156 Ind. 348, the court, speaking with reference to a motion to make more specific, says: "It is as much the judicial duty of the court to sustain a motion to make more specific, in a case where the motion is well founded, as it is to sustain a demurrer to an insufficient pleading, and the action of the trial court is reviewable in this court in the one case the same as in the other."

In the case of *Louisville, etc., R. Co.* v. *Bates, Admr.* (1896), 146 Ind. 564, 45 N. E. 108, the court, speaking with reference to a motion to make more specific, says: "It is equally well settled that a defendant in an action for personal injuries is entitled to have the complaint state the specific acts or omissions of the defendant which constitute the negligence relied upon, as well as all the surroundings and existing conditions and what occurred at the time of the injury." Many authorities are there cited to sustain the principle.

It appears by the railway company's motion to dismiss the action, which motion was verified, that on December 28, 1917, the President of the United States took possession of and assumed control of said appellant's railroad transportation system, and thereafter to the time of the trial continued in possession, control and operation thereof, and that by

proclamation of December 28, 1917, the President of the United States appointed Wm. G. McAdoo, Director General of Railroads, and directed that by and through him should be exercised the possession, control and operation of the transportation of appellant so undertaken by the president. It is a matter of common knowledge that this was a war emergency measure. The courts take judicial notice of such a measure and of such a proclamation by the president and give effect thereto. While such railway was being operated under such exclusive government control, appellant railway company was not liable for any damages growing out of such operation.

In the case of West v. N. Y., etc., R. Co. (1919), 233 Mass. 162, 123 N. E. 621, the court says: "The President's proclamation is a public act of which all courts are bound to take judicial notice and to which all courts are required to give effect. And the President may direct and empower as in the case at bar a representative to carry out the powers conferred upon him by Congress. The act of the representative is the act of the President." Continuing, after citing authorities, the court says: "We accordingly take notice of the General Orders promulgated by the Director General insofar as they are applicable to the present case, even if they have not been called to our attention by counsel."

In the case of Haubert v. B. & O. R. Co. (1919), 259 Fed. 361, the cause of action arose January 28, 1918. The motion to dismiss the cause as to the railway company was filed and the motion was sustained. In a carefully prepared opinion, the court says: "My conclusion is that liabilities due to operation by the agencies having possession by virtue of the acts creating and authorizing federal control are not liabilities of the railroad companies that have been

ousted from such possession and control, that suits cannot be brought against such companies and prosecuted to judgment against them, and that such claimants are limited to a right of action against the federal control agency." Numerous authorities are cited to sustain the opinion. Other authorities to the same effect are: *Northern Pac. R. Co.* v. *North Dakota* (1919), 250 U. S. 135, 63 L. Ed. 897; *Erie R. Co.* v. *Caldwell* (1920), 264 Fed 947; *Mardis* v. *Hines* (1919), 258 Fed. 945; *Mardis* v. *Hines* (1920), 267 Fed. 171. It was reversible error to overrule appellant railway company's motion to dismiss the action as to such company.

Numerous other errors are assigned and relied upon for reversal but as they occur subsequent to the errors above discussed and may not again occur when the pleadings are reformed, we do not need to consider them.

The judgment is reversed, with instructions to the trial court to grant a new trial, dismiss the action as to appellant railway company, and to sustain the motion to make the amended complaint more specific.