TERRE HAUTE, INDIANAPOLIS AND EASTERN TRACTION COMPANY *v.* HOLLAND.

[No. 10,878.   Filed June 9, 1921.]

1. PLEADING.—*Complaint.*—*Motion to Make Specific.*—*Action for Fraud.*—In an action against a street railroad company for the fraud of its agents in inducing plaintiff, an injured passenger, to enter into a settlement of her claim for damages, defendant, having filed a proper motion to make the complaint more specific, was entitled to be advised in the allegations of the complaint as to who were the alleged agents and servants perpetrating the fraud, their authority to act in behalf of the company, etc., so that it might prepare its defense.   p. 101.

2. APPEAL.—*Review.*—*Harmless Error.*—*Overruling Motion to Make Complaint Specific.*—In an action for the alleged fraud of defendant's agents and servants in inducing plaintiff to enter into a settlement of a claim for personal injuries, error in overruling a motion to make the complaint more specific as to the names of such agents and servants, their authority to act in behalf of defendant, etc., was harmless, where the evidence pertaining to such servants and agents was not competent.   p. 101.

3. EVIDENCE.—*Action for Fraud.*—*Statements of Defendant's Employes.*—*Competency.*—*Failure to Show Authority.*—In an action against a street railroad company for the fraud of its agents and servants in inducing plaintiff, an injured passenger, to enter into a settlement of her claim for damages, testimony

by plaintiff as to statements of such employes and servants which, it was claimed, induced plaintiff to enter into such settlement, was incompetent without proof of their authority to speak for defendant railroad, such statements having been made in the absence of defendant. p. 101.

From Vigo Superior Court; *William T. Gleason,* Judge.

Action by Ethel Holland against the Terre Haute, Indianapolis and Eastern Traction Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*McNutt, Wallace, Harris & Randel* and *W. H. Latta,* for appellant.

*Orph M. Hall,* for appellee.

NICHOLS, P. J.—This was an action by appellee against appellant to recover damages for an alleged fraud. There was a trial by jury and a judgment for appellee.

It was charged in the complaint that appellee had been injured in a street car accident while a passenger on one of appellant's street cars, and as a result thereof had a claim against appellant for damages; that appellant through its agents and servants entered into a plan after the injury to cheat and defraud appellee out of the cause of action and damages; that thereby she was fraudulently induced to enter into a contract of settlement with appellant to her damage for which she sues.

Appellant filed a motion to make the complaint more specific, (1) By stating the names of the agents and servants with whom appellant entered into a conspiracy to cheat and defraud appellee, and the position they occupied with reference to the appellant; (2) by stating the names of the agents and servants of appellant who took charge of appellee and sent her to the hospital at Martinsville, and employed the physician and medical attendant, and the position such servants and agents

occupied with reference to appellant, (3) by stating the names of the agents and servants who called upon her at her home and stated to her that they had consulted a physician and knew that her injuries were only temporary, and the position of such agents and servants with reference to the company, (4) stating the names of the agents and servants who offered to pay for her loss of time and medical services, and asked her to sign a receipt, and the position that such agents and servants occupied with reference to appellant. .

Appellant contends that the allegations of the complaint, without being made more specific as asked in its motion, were uncertain and indefinite, and did not advise appellee or the court as to whether such alleged agents had authority to act in behalf of appellant. The court overruled appellant's motion to make the complaint more specific. This ruling was error, but in the condition of this record not reversible error, as the evidence pertaining to such agents and servants was not competent as hereinafter appears. There is no averment in the complaint that appellee did not know the names of the conspirators, or that she did not know the positions that they held with reference to appellant, and appellant was certainly entitled to be advised in the allegations of the complaint as to who were the alleged agents and servants who perpetrated the fraud upon appellee, that it might prepare its defense. *Chicago, etc., R. Co.* v. *Nixon* (1921), *ante* 86, 131 N. E. 532. Appellant emphatically denies that there was any fraud and hence it could not know as to whom appellee referred as perpetrators thereof.

At the trial appellee was permitted to testify, over appellant's objection with reference to a conversation that she had with one Lathrop who was a conductor working for the company, and who had accompanied her from the place of the injury to

the hospital. She was permitted to testify that some-
time after her injury such conductor said to her that
she would just as well take what she could get. She
was also permitted to testify over appellant's objection
that one Springer, who was an employe in appellant's
ticket office with appellee, that she would just as well
take what she was offered by the claim agent as to bring
it into court, as the lawyers would get it all anyway.
She was also permitted to testify, over appellant's ob-
jection, that one Melbourne, whom she had known since
childhood and who was a childhood playmate, had said
to her at the same time that Springer advised her as
aforesaid, that Springer was right. We assume from
her evidence that these persons were each her friends.
They were coemployes, and manifested their interest
by calling upon her at the hospital to which she was
taken after her injury. This is all of the evidence in
the record of any fraud by such agents and servants.
There is not a scintilla of evidence of any relation of
any kind whatever between these persons and appellant,
except as employes aforesaid, or its claim agent, or any
other authorized agent, either before that time or after-
ward. Even if the statements of these persons could
be construed as fraudulently made for the purpose of
inducing appellee to settle, they were wholly incompe-
tent until there was some proof of their authority to
speak for appellant. Without such proof, the statement
being made in the absence of appellant, it could not be
bound thereby. *Wolfe* v. *Pugh, Admx.* (1885), 101 Ind.
293, 306; *Ford* v. *State* (1887), 112 Ind. 373, 383, 14 N.
E. 241; 3 Ency. of Evidence, 424.

There was a motion for a new trial assigning these
errors, which should have been sustained.

The judgment is reversed, with instructions to the
trial court to grant a new trial, and to sustain the mo-
tion to make the complaint more specific.