UNITED STATES RAILROAD ADMINISTRATION ET AL.
*v.* MONAHAN, ADMINISTRATRIX.

[No. 11,571. Filed January 25, 1923. Rehearing denied April 5, 1923. Transfer denied May 18, 1923.]

1. PLEADING.— *Complaint.*— *Certainty.*— *Motion to make More Specific.*—If a complaint is sufficiently specific to make apparent the precise nature of the charge that defendant is called upon to meet and defend, even though of such a nature that it would be entirely proper for the court to sustain a motion to make it more specific, the overruling of such motion is not ground for reversal. p. 678.

2. MASTER AND SERVANT.—*Injuries to Servant.—Action.—Complaint.—Sufficiency.—Averments Showing Relation of Master and Servant.*—In an action for wrongful death, a complaint showing that, at the time the railroad passed under federal control and operation, decedent was in the employ of such railroad company, that the government took over the entire system, including the property, officers and employes, that decedent continued in such employment, and that at the time of his injury was directed by one of his superiors in the employ of the government to repair a locomotive under the control of the defendant railroad administration, *held* sufficient to show the relation of master and servant between the parties. p. 678.

3. MASTER AND SERVANT.— *Railroads.*— *Injuries to Servant.— Action.— Complaint.— Sufficiency.—* *Election not to Operate under Compensation Act.*—In an action against the United States Railroad Administration for the death of a railroad employe, a complaint averring that the railroad company was not operating under the state Workmen's Compensation Act (Acts 1915 p. 392, §8020l *et seq.* Burns' Supp. 1918,) at the

United States R. Adm. v. Monahan, Admx.—79 Ind. App. 673.

time it was taken over by the federal government, *held* not objectionable as failing to show that defendant railroad administration was not operating under the provisions of such compensation act, in view of General Order No. 1, issued by the Director General of Railroads and in force at the time the railroad was taken over by the government, expressly providing that all officers, agents and employes of the company should continue in the performance of their regular duties on the same terms. p. 678.

4. MASTER AND SERVANT.—*Injuries to Servant.*—*Master Exempt from Workmen's Compensation Act.*—*Complaint.*—*Assumption of Risk.*— *Statutes.*— Where the master has elected not to operate under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), a complaint in an action for damages for the death of a servant resulting from the unsafe condition of his place of work, need not aver whether decedent had knowledge of such unsafe condition, since an employer excepting himself from the operation of the act is precluded by §10 thereof from the defense of assumption of risk. p. 678.

5. MASTER AND SERVANT.—*Safe Working Place.*—*Master's Duty.* —A continuing duty rests upon the employer to use reasonable care to furnish his employe a safe place to work. p. 678.

6. RAILROADS.— *Injuries to Servant.*— *Action against Federal Control Agency.*—An action for the death of a railroad employe resulting from injuries sustained while the railroad was under federal control can be maintained against the federal control agency under the Federal Control Act of March 21, 1918, §10, (§3115¾j U. S. Comp. Stat. Supp. 1919), and General Order No. 50. p. 680.

7. PLEADING.—*Tort Action.*—*Complaint.*—*Failure to Ask Specific Damages.*—*Raising Objection after Verdict.*—It is too late after verdict to take advantage of the omission of a complaint to claim specific damages, such defect being cured by the verdict. p. 681.

8. EVIDENCE.—*Action against Director General of Railroads.*— *Defendant in Interest.*—*Judicial Knowledge.*—The court on appeal has judicial knowledge that a suit against the Director General of Railroads, regardless of which individual holding that office is named as a party defendant, is, in effect, an action against the United States government. p. 682.

9. APPEAL.—*Questions Reviewable.*—*Objection that Defendant was not Properly Made Party to Action.*—Where the original complaint was against a named individual as Director General of the United States Railroad Administration, and one succeeding such individual in that office named himself in two

United States R. Adm. *v.* Monahan, Admx.—79 Ind. App. 673.

paragraphs of answer as Director General and as agent operating the railroad company named also as defendant, such successor cannot contend on appeal that he was not a proper party to the action because the record does not show that he was substituted as a party. p. 682.

10. MASTER AND SERVANT.—*Injuries to Servant.—Action against Railroad Company under Federal Control.—Federal Compensation Act.—Federal Employers' Liability Law.—Applicability.*
—In an action for the death of a railroad employe, where the company had properly excepted itself from the operation of the state Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), and it was neither alleged or proved that at the time of his injury decedent was engaged in interstate commerce, or that the engine being repaired by him was so engaged, or that the place in which decedent was at work was being used in interstate commerce, the complaint states on a common-law right of action, and neither the federal Workmen's Compensation Act nor the federal Employers' Liability Act can be invoked. p. 682.

From Cass Circuit Court; *Paul M. Souder,* Judge.

Action by Anna Monahan, administratrix of the estate of Michael Monahan, deceased, against the United States Railroad Administration and others. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*George E. Ross,* for appellants.

*Long & Yarlott* and *Rabb, Mahoney & Fansler,* for appellee.

NICHOLS, C. J.—Action by appellee against appellant to recover damages for the death of appellee's decedent, alleged to have been caused by the negligence of appellant.

It is averred in the amended and supplemental complaint in substance that on December 31, 1917, and prior thereto the Pittsburgh, Cincinnati, Chicago and St. Louis Railroad Company, hereinafter mentioned as the railroad company, was the owner of a system of railroads a number of which passed through Logansport, Indiana, where a repair shop and roundhouse was main-

tained which was equipped with the necessary appliances for the repair of its cars and locomotives. As a part of the equipment of its roundhouse in said city there were cement walled pits three or four feet in depth the width of the railroad track and the length of an ordinary locomotive. In making certain repairs upon its locomotives it became necessary for the employes engaged in such work to perform the same while standing in said pits for which purpose they were designed. That on December 31, 1917, and many years prior thereto, appellee's decedent was employed in the service of such railroad company as a machinist and was working in its said shops and roundhouse in said city. That after the taking effect of the Workmen's Compensation Act of the State of Indiana and prior to December 31, 1917, said railroad company gave due notice to its employes engaged in its said shops and roundhouse aforesaid to except itself from the operation of said act, as provided therein. That on said December 31, 1917, the United States Government, acting under and pursuant to the Acts of Congress governing the subject and the proclamation of the President thereunder, and as provided therein, took over the entire system of railroads so owned and operated by said railroad company together with all of its property, officers, agents and employes as a war measure, and continued thereafter till the'—— day of ————, to operate said system of railroads through the Director General of Railroads. That said decedent continued in the service of said railroad in its operation by said Director General, and on May 27, 1918, was so engaged in said services as a machinist and working in the shop and roundhouse aforesaid. That at said time said decedent was directed by appellant's foreman in charge of said shop and roundhouse and said decedent's superior in said employment to make certain repairs upon an engine used by appel-

lant in operating its road, which engine was then standing in said roundhouse over one of said pits. Such repairs required the placing and adjusting upon the under part of said locomotive an appliance known as a pedestal brace the same being a piece of steel thirty-six inches long, six inches in width and thickness and weighing about 200 pounds, and in order to make such repairs and adjust such brace as a part of said engine it was necessary for said decedent to take such pedestal into said pit, and from that position adjust the same to its place under said engine. That while so engaged in handling said brace his foot slipped from under him causing him to lose his balance and his hold on said brace which fell heavily against his side and abdomen causing injuries from which he died. That said injury and death was caused by the negligence of appellant in failing to provide said decedent with a safe place to work in that appellant negligently suffered and permitted the floor of said pit, where said decedent was required to work while engaged in making such repairs, to become and remain covered with muddy slime from the discharge therein of water from the boilers of engines, with which said slime there was mixed an oily substance rendering the floor of said pit slippery and unsafe, and that by reason of this slippery and unsafe condition of the floor of said pit said decedent lost his footing causing said pedestal to fall on him and thereby he suffered the injury which resulted in his death as aforesaid.

Appellant presents as error the court's action in overruling his motion to make the amended and supplemental complaint more specific, in overruling his demurrer thereto, in sustaining appellee's demurrer respectively to the first, second, third, fourth and fifth paragraphs of answer, and in not carrying each of said demurrers back and sustaining the same to the amend-

ed and supplemental complaint, in overruling his motion for a new trial, and in overruling his motion in arrest of judgment. These in their order.

We deem it unnecessary to discuss in detail the twenty-four particulars under which appellant would have the complaint made more definite and specific.

1. If the complaint is sufficiently specific to make apparent the precise nature of the charge that appellant is called upon to meet and defend, even though of such a nature that it would be entirely proper for the court to sustain a motion to make it more specific, this court will not reverse the trial court for overruling a motion to make it more specific. Fauvre Coal Co. v. Kushner (1919), 188 Ind. 314, 123 N. E. 409.

Appellant in both his original and reply brief contends that there is no averment in the complaint that shows directly, and that the facts averred do not

2. show, that appellee's decedent was in the service of appellant, in other words, does not show that the relation of master and servant existed at the time of the accident. But we do not agree with this contention. It clearly appears by the complaint that at the time the railroad passed under federal control and operation appellee's decedent was in the employ of such railroad company; that the government took over the entire system, including the property, officers and employes; that the decedent continued in such employment, and that at the time of the injury he was directed by one of his superiors in the employ of the government to perform the services of repairing one of the locomotives under the control and operation of appellant. This is sufficient to show the relation between the parties.

It is contended also that there is no averment that appellant was not operating under the provisions

3-5. of the Workmen's Compensation Act of Indiana; but it is averred in the complaint that the rail-

road company was not operating under such provisions at the time that it was taken over by the government; and General Order No. 1 issued by the Director General and in force at the time that the railroad was taken over by the government, expressly provided that all officers, agents and employes of the company should continue in the performance of their regular duties on the same terms of employment.   One of the decedent's terms of employment, because of the railroad company's election to except itself from the provisions of the Workmen's Compensation Act, was that such decedent should have no right of recovery through and under the provisions of that act and he was therefore precluded from such action against the government.   By such election, the railroad company, and afterward the Director General, as provided in the Workmen's Compensation Act, were precluded from the defense of contributory negligence and assumption of risk.   Such being the law, it was wholly unnecessary to aver in the complaint as to whether the decedent had knowledge of the unsafe condition of the pit.   §8020t Burns' Supp. 1918, Acts 1915 p. 392. We can not agree with appellant's contention that the complaint does not show a duty owing by appellant to appellee's decedent.   It clearly appears that appellee's decedent was an employe of appellant, and a continuing duty rests upon an employer to use reasonable care to furnish his employe a safe place to work. *Republic Iron, etc., Co.* v. *Ohler* (1903), 161 Ind. 393, 68 N. E. 901; *Chicago, etc., R. Co.* v. *Mitchell* (1915), 184 Ind. 383, 110 N. E. 215; *Citizens Tel. Co.* v. *Prickett* (1919), 189 Ind. 141, 125 N. E. 193; *Lyons* v. *City of New Albany* (1913), 54 Ind. App. 416, 103 N. E. 20; *Evansville Gas, etc., Co.* v. *Robertson* (1913), 55 Ind. App. 353, 100 N. E. 689; *Cincinnati Gas, etc., Co.* v. *Underwood* (1914), 60 Ind. App. 351, 107 N. E. 28.

Appellant says that this is an action against the gov-

ernment of the United States, and that the government cannot be sued in tort, that it cannot be guilty

6. of actionable negligence unless made so by some act of Congress. Conceding the contention of appellant, the necessary act of Congress is at hand. When the railroads were taken over under the provisions of the Federal Control Act, the government simply stepped into the place of the railroad companies, assuming their duties and liabilities, providing with reference to actions against the government, that "No defense shall be made thereto upon the ground that the carrier is an instrumentality or agency of the Federal Government." Federal Control Act, March 21, 1918, §10, §3115¾j U. S. Comp. Stat. Supp. 1919; *Rutherford* v. *Union Pac. R. Co.* (1919), 254 Fed. 880; *Dahn* v. *McAdoo* (1919), 256 Fed. 549; *Dahn* v. *Davis* (1922), 258 U. S. 421, 42 Sup. Ct. 320, 66 L. Ed. ——; *Missouri Pac. R. Co.* v. *Ault* (1921), 256 U. S. 554, 41 Sup. Ct. 593, 65 L. Ed. 1087. General Order No. 50, issued October 28, 1918, expressly provides that claims for death, with other actions, which might have been brought against the carrier company, should be brought against the Director General of Railroads, thus recognizing that such tort actions might be maintained against the government. This of itself is sufficient to refute appellant's assertion that if appellee's decedent was an employe of the government his rights were controlled and measured by the Federal Workmen's Compensation Laws, for, as appellant says, such laws give no right to bring an action against the government. That the action can be maintained against the federal control agency see: *Haubert* v. *Baltimore, etc., R. Co.* (1919), 259 Fed. 361; *Mardis* v. *Hines* (1920), 267 Fed. 171; *Rutherford* v. *Union Pac. R. Co., supra; Chicago, etc., R. Co.* v. *Nixon* (1921), 76 Ind. App. 86, 131 N. E.

532. The court did not err in overruling appellant's motion to make the amended and supplemental complaint more specific, nor did it err in overruling appellant's demurrer to the complaint. Appellant's paragraphs of answer one to five, inclusive, present respectively questions of contributory negligence, assumption of risk, as to whether jurisdiction is with the Industrial Board, and as to whether jurisdiction is under the federal Compensation Act. These questions have been hereinbefore determined. There was no error in sustaining each of the demurrers to the several paragraphs of answer.

The evidence fully sustains the allegations of the complaint, and was sufficient to sustain the verdict. While instruction No. 3 was somewhat confusing in its expression, yet taken as a whole, and with other instructions it was not reversible error to give it. We find no reversible error in giving instructions, or in refusing those tendered by appellant. There was no error in overruling the motion for a new trial.

Appellant, to sustain his contention that the court erred in overruling his motion in arrest of judgment, says, among other things, that no relief in the way of damages is asked or demanded in the complaint. This objection to the complaint was not presented until after the verdict. It is too late, after verdict, to take advantage of an omission to claim specific damages. Such defect is cured by the verdict. *Peltier* v. *Britton, Admr.* (1838), 4 Blackf. 502; *Burst* v. *Wayne* (1854), 13 Ill. 664; *Leopold* v. *Steel* (1891), 41 Ill. App. 17.

We find no reversible error. Judgment affirmed.

## ON PETITION FOR REHEARING.

NICHOLS, C. J.—Appellant contends earnestly that though the original complaint was against the United

States Railroad Administration with Walker D. 8-10. Hines as Director General, and the supplemental and amended complaint made John Barton Payne, Director General, a party, it nowhere appears in the record that James C. Davis was substituted as a party to the action. This court knows that whether Walker D. Hines, James Barton Payne or James C. Davis was Director General and as such a party to this action, the same is, in effect, an action against the United States government. Appellant Davis having named himself in his sixth and seventh paragraphs of answer as Director General of Railroads and agent operating the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company is hardly in a position to contend that he is not a proper party to the action. The railroad company properly excepted itself from the operation of the Workmen's Compensation Laws of Indiana, and having done so, it does not appear by the pleadings or proof that it was thereafter subject to and controlled by the federal compensation or liability laws. It is true that with proper issues or proof its right of defense under such federal laws could not be taken from it. The complaint states only a common-law right of action against appellant company. There is no averment therein that appellant was at the time of the injury engaged in interstate commerce, or that the engine upon which repairs were being made was so engaged, or that the place in which appellee's decedent was at work, was at the time of the injury being used in interstate commerce and there is no evidence on this subject. Under such state of the pleadings and proof the federal compensation or liability laws may not be invoked. *Hogarty* v. *Philadelphia, etc., R. Co.* (1916), 255 Pa. 236, 99 Atl. 741, 8 A. L. R. 1391.

The petition for rehearing is overruled.