DAVIS, DIRECTOR GENERAL, v. SHARP, ADMINIS-
TRATOR.

[No. 11,574. Filed March 12, 1923. Rehearing denied June 21, 1923.]

1. PLEADING.— *Complaint.*— *Sufficiency.*— *Negligence.*— *Statutes.* —Under §343a Burns' Supp. 1921, Acts 1915 p. 123, providing that any conclusions stated in a pleading shall be considered and held to be allegations of all facts necessary to sustain such conclusions when it is necessary to the sufficiency of the pleading, a complaint, in an action against a railroad company for death at a public highway crossing, which sufficiently alleges that decedent was a traveler upon the highway, and that there was a failure to sound the locomotive whistle as required by statute, *held* not demurrable on the ground that no facts are averred which cast upon defendant any duty toward decedent, or that the allegations that an act was negligently done or omitted are not sufficient allegations of negligence. p. 228.

2. APPEAL.—*Review.*—*Instructions.*—*Inadvertent Error.*—In an action against a railroad company for death at a public highway crossing, where defendant filed an answer in two paragraphs, the first of which charged that decedent's death was caused by her own negligence, and the second was a general denial, but the court inadvertently instructed the jury that it was the second paragraph of answer that alleged facts for the

purpose of showing contributory negligence, *held* that the error was not sufficient ground for reversal.  p. 229.

3.  RAILROADS.—*Governmental Operation.*—*Personal Injuries.*— *Liability of Government.*—Under §3115¾ U. S. Comp. Stat. Supp. 1919, the federal government through the Director General of Railroads may be sued for any injury negligently caused on any line of railway in his custody, the same as a common carrier operating such road could be sued, and the recovery, if any, is from the government.  p. 230.

From Miami Circuit Court; *Albert Ward,* Judge.

Action by Charles Sharp against James C. Davis, Director General of Railroads, Agent. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*G. E. Ross,* for appellant.
*Tillett & Lawrence,* for appellee.

MCMAHAN, J.—Appellee recovered a judgment for the killing of his decedent at a public highway crossing by a locomotive operated by appellant.  At the time of the collision the decedent was a guest in an automobile driven by another person.

The complaint alleges that appellant in the operation of a certain railroad ran a locomotive over and across a certain public highway crossing without sounding the whistle as required by law, and that by reason of such failure appellee's decedent was killed.

From a judgment in favor of appellee, appellant appeals

Appellant contends that the court erred in overruling his demurrer to the complaint, for the reason that no facts are alleged which cast upon him any duty toward the decedent; that the allegations that an act was negligently done or omitted are not sufficient allegations of negligence.  These contentions cannot prevail.  The complaint sufficiently charges that the decedent was a traveler upon the highway and that

there was a failure to sound the whistle as required by the statute. The authorities cited by appellant were all decided before the enactment of §343a Burns' Supp. 1921, Acts 1915 p. 123, wherein it is provided that all conclusions stated in pleadings shall be considered and held to be allegations of all the facts necessary to sustain such conclusion when the same is necessary to the sufficiency of the pleading.

It is also contended that the verdict is not sustained by sufficient evidence and in this same connection it is said that the answers which the jury made to two certain interrogatories are untrue. The jury answered six interrogatories in connection with their general verdict. The evidence in our judgment is sufficient to sustain the general verdict, and, without entering into a discussion of the sufficiency of the evidence to sustain the answers to the two interrogatories which appellant challenges, it is sufficient to say, if they had both been answered as appellant contends they should have been, the answers to the interrogatories taken as a whole would not have been sufficient to overthrow the general verdict.

Appellant challenges a large number of the instructions given by the court, and also contends that the court erred in refusing to give certain requested instructions. A careful reading of the instructions given and refused fails to disclose any reversible error in this regard. Appellant filed an answer in two paragraphs. The first paragraph charged that the decedent's death was caused by her negligence while the second paragraph was a general denial. The court in the second instruction inadvertently told the jury that it was the second paragraph of the answer that alleged facts for the purpose of showing contributory negligence and that the burden of proving the

allegations of that paragraph was on appellant. We do not think this cause should be reversed for such an error. The objections pointed out to the other instructions of which complaints are made are not of sufficient importance to justify setting these instructions out, and entering into a discussion of the objections made to them. The same is also true of the instructions which were refused.

Appellant says that the United States cannot be sued for a tort, committed by its officers in the discharge of their official duties. This may be the general rule, but it is not the rule in cases like the one now under consideration. The United States Supreme Court in *Missouri, etc., R. Co.* v. *Ault* (1921), 256 U. S. 554, 561, 41 Sup. Ct. 593, 65 L. Ed. 1087, 1091, held that under §10 of the Federal Control Act of March 21, 1918, §3115¾j U. S. Comp. Stat. Supp. 1919, the government through the Director General of Railroads could be sued for any injury negligently caused on any line of railway in his custody, precisely the same as a common carrier operating such road could be sued, and that the recovery, if any, would be from the government. See, also, *Dahn* v. *Davis* (1922), 258 U. S. 421, 42 Sup. Ct. 320, 66 L. Ed. 696. *U. S. Railroad Adm.* v. *Monahan, Admx.*, (1923), 79 Ind. App. 673, 137 N. E. 778, 138 N. E. 785.

A verdict of $4,000 under the evidence in this case is not excessive.

No reversible error being shown, the judgment is affirmed.